# 16-CV-23619 LENARD/GOODMAN

Re: State of Florida
VS. Alra Salmon

Case Number: F91-34041
Section 14

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

To whom it may concern,

My name is ALRA SALMON. I was born in Jamaica on June 14, 1967. I arrived in the United States in 1976 with an immigrant visa and received my Legal Permanent Resident (LPR) card shortly thereafter. I no longer have ties to Jamaica. I have four children who are citizens of the United States. My mother and my father are citizens of the United States. Both of my parents have health issues to which I have personally attended to. Due to the events in this letter and accompanying documents, I have been unjustly deported to Jamaica.

I am writing to you in regards to my conviction and subsequent deportation. On the 22nd of September 1991, I was returning from a funeral in Jamaica on an Air Jamaica flight. The flight number was JM 25 and the arrival time was 3:50 p.m. I was stopped at Miami International Airport by Custom and Border Patrol officials. A search of my belongings produced an expired flight coupon which had been in my possession for some time, since I was previously an employee of Pan American Airlines. It should be noted that the flight coupon was expired and no longer valid. The coupon had been in my possession since I was last employed by Pan Am. I never used the coupon; I merely had it in my possession. It would not have been possible for me to use the coupon on the flight I had arrived on as the flight was an Air Jamaica flight and the coupon was for Pan Am. It should be noted that coupon was non-transferrable and I was also in possession of a valid flight ticket for JM 25 which I had bought using my credit card. My original flight ticket was destroyed by the immigration official along with other documents in my briefcase. My only error was that I was in possession of an expired coupon. At no point in time did I ever attempt to use the coupon to board a flight or facilitate my travel arrangements. It would simply not have been possible to use the expired Pan Am coupon to board an Air Jamaica

FILED by _PG_ D.C.

AUG 2 3 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

1

flight or to use the coupon to obtain a ticket for an Air Jamaica flight. The crux of my argument is as follows:

1. The coupon was expired and no longer valid.
2. The coupon alone could not have been used to board a flight - a boarding pass would be required so that I could be assigned a seat location.
3. The coupon would not have been accepted unless it was presented with a valid Pan Am employee card, which I was not in possession of.
4. Most importantly, I was already in possession of a valid ticket, which I used to board the Air Jamaica JM 25 flight.
5. This valid ticket was paid for legitimately with my own credit card.
6. The Pan Am coupon could not have been used to board an Air Jamaica flight as the coupon clearly states that it is "Good for Pan Am only."
7. I have received correspondences from a Mr. M. Kelly Cusack who previously worked at Pan Am. He clearly stated that any Pan Am coupons that were used were stamped with a round ink stamp that said "Pan Am Used." The coupon has no such stamp and so clearly it was not used.
8. I had a valid boarding pass and Customs Declaration that was taken and destroyed when I was detained.
9. After my documents were taken, I was then charged with using a coupon that was not stamped or had any indication of being used.

Upon arriving at Miami International Airport I was stopped by a Custom and Border Patrol official. The official and I exchanged some heated words and the situation escalated into an argument. I was upset that he was trying to accuse me of using a coupon which was clearly expired and no longer valid, in addition to his lack of diligence in trying to ascertain whether or not I was guilty of any crime. The Customs and Border Patrol officer charged me with grand

theft and had me arrested. Though I was stopped in Customs, I was somehow arrested and officially charged by the local Miami Police Department.

Prior to this incident, a year earlier, on the 21st September 1990, I was arrested in a separate case of possession of marijuana. I was charged and sentenced to 366 days probation. However, it should be noted that this was not an aggravated felony. When I arrived at Miami International Airport a year later, I had only one day of probation left. As a result of my being charged with grand theft on the 22nd of September 1991, I was found to be in violation of my probation. Prior to this incident of grand theft, I had no felonies. It should be noted here that when the Miami Police Department officer processed the complaint for the grand theft charge, he used the same OBTS number that had been used a year earlier on the September 1990 complaint for possession of marijuana. The OBTS number is supposed to be unique for each incident. The arrest time in the complaint varies from 8:00 p.m. to 10:30 p.m., even though my flight landed at 3:50 p.m. My Customs Declaration form was never produced. This document would have verified my lawful arrival into the United States.

In the original complaint, the Miami Police Department claimed they spoke with a Pan Am representative who alleges I flew on a different airline with their company's coupon. Those allegations are false and impossible. The effect of the above facts have been to reactivate my previous marijuana possession charge - turning it into a felony. The probation violation caused me to deported back to Jamaica, a country that I have little to no ties to. Being in Jamaica with no source of income or substantial ties has prevented me from adequately fighting these charges and my deportation. I filed a FOIA request with the Customs and Border Patrol and received a heavily redacted document that was unuseable. In addition to that, all of my court records pertaining to my charges in Florida have been mysteriously destroyed according to clerk of court in Miami. The police records concerning my arrest are false and incorrect, the Customs and Border Patrol refuse to release information concerning my arrest, and the court claims my files were destroyed.

As a result, I have suffered immeasurable harm. I have had my license/passport revoked, been held in custody, missed the birth of my child, and unfairly deported. My daughter is currently in therapy due to my absence. This incident has plagued my life for the past 22 years; it has crept up time and time again causing much distress to my family and me. It has been a constant source of stress and hardship and I hope that you will see the injustice that I have suffered. I respectfully request you to direct an investigation into the conduct of all of whom have neglected my rights, circumvented due process, and neglected to perform the necessary due diligence. I want to be able to return to the United States to be with my children and care for my elderly parents. My arrest and deportation was a grave miscarriage of justice that needs to be remedied. Any assistance is greatly appreciated.


Sincerely,


Alra Salmon

876-383-3733

lflrdavid4a@gmail.com

Case Number 90-38296
The State of Florida vs. Alra Noel Salmon

AFFIDAVIT IN SUPPORT

On September 22, 1990, I was working for Pan Am Airlines at Miami International Airport. I was working as part of the flight service crew responsible for inbound and outbound flights. It was a hot day and my colleagues and I wanted some refreshments and so I decided to go aboard one of the planes that we were servicing in order to retrieve some refreshments. A flight had just arrived at the time and was being cleaned by the cleaning crew.

there were already six employees board the plane when I boarded from the rear of the plane. The cleaning crew were all carrying garbage bags in which they normally held their cleaning supplies and which they normally would use to remove the garbage.

Once aboard the plane I proceeded to the front of the aircraft where the refreshments were held at. I removed some soda cans, bottled water and miniature liquor bottles from the refrigerator and started to make my way to the back of the plane. On my way to the exit one of the cleaning staff informed me that a supervisor was entering the aircraft from the rear exit. Under Pan Am policy employees are not allowed to remove drinks from the aircraft. When I realized that the supervisor was about to board the plane I panicked and threw the soda cans and other refreshments into the nearest garbage bag to me. Upon entering the aircraft the supervisor observed me throwing the refreshments into the garbage bag and asked me what I was doing. I replied truthfully that I was getting some refreshments for myself and my co-workers.

He reprimanded me for this and told me to pick up the garbage bag and follow him so that we could speak with my line manager. I followed him to my manager's office and once there he informed my manager of what had just happened. My manager asked me to open the bag .. I complied and opened the bag. I was shocked because the bag contained the refreshments that I had thrown in the trash as well packages of what appeared to be drugs. My manager called customs who arrived shortly after.

When customs arrived they took samples from one of the unknown packages in the trash bag and confirmed that the packages did in fact contain Marijuana. I was subsequently placed under arrest for possession of Marijuana. I appeared before a Judge Juan Ramirez in Miami, Dade County, Florida and my bail was set at $500. I paid the bond and was released on bail

I would like to say at this point that the supervisor did make a report to customs informing them that he only saw me placing the refreshments in the garbage bag and that was all he saw. I did not know that there were drugs in the garbage bag. There were numerous garbage bags on the aircraft. All of the garbage bags were placed on board by the cleaning crew. Only the cleaning crew had access to garbage bags. I was not part of the cleaning crew. The fact remains that there were six other persons on board the plane before I even boarded the plane and anyone of them could easily have placed the bag there.

My girlfriend was expecting a child at the time and financially I was not in any position to pay for a private counsel. As a result I had no choice but to accept the attorney that was given to me by the court. My attorney advised me that if I simply plead no contest he would get me a good deal. That way the case would be done quickly without a long trial. I followed his advice and plead no contest. I was subsequently sentenced to 366 days and withhold for adjudication. I was placed on probation for 366 days. I was never advised that entering a plea of no contest in this case could result in deportation. Had I been aware of the immigration consequences I would have gone to trial. Had I gone to trial I firmly believe tha ; would have been found not guilty, because I was not guilty.

For the reasons stated above I respectfully request that the Honorable Court grant my motion to vacate the conviction and that my conviction be overturned on the basis of ineffective assistance of counsel.

Alra Noel Salmon
01815-265
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232
Dated: October 6, 2011



**OGIS**
OFFICE of GOVERNMENT
INFORMATION SERVICES

OFFICE *of* GOVERNMENT INFORMATION SERVICES

July 8, 2015 - Sent via email

Mr. Michael Grey
mgrey@grey-llc.com

Re: Case No. 201500371
NG: CM: AS

NATIONAL
ARCHIVES
*and* RECORDS
ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD
20740-6001

website: www.ogis.archives.gov
e-mail: ogis@nara.gov
phone: 202-741-5770
toll free: 1-877-684-6448
fax: 202-741-5769

Dear Mr. Grey:

This letter responds to your February 2, 2015 request for assistance from the Office of Government Information Services (OGIS), which we received via email. Your request for assistance pertains to your records request to the U.S. Customs and Border Patrol (CBP) for information to help fight the deportation of your client, Mr. Alra Salmon. Thank you for contacting OGIS.

Congress created OGIS to complement existing FOIA practice and procedure; we strive to work in conjunction with the existing request and appeal process. The goal is for OGIS to allow, whenever practical, the requester to exhaust his or her remedies within the agency, including the appeal process. OGIS has no investigatory or enforcement power, nor can we compel an agency to release documents or process one request before others. OGIS serves as the Federal FOIA Ombudsman and our jurisdiction is limited to assisting with the FOIA process.

Please know that when an individual requests access to his or her own records, it is most often, but not always, considered a Privacy Act, or first-party, request. Privacy Act matters fall outside the scope of our office's mission as the Freedom of Information Act (FOIA) Ombudsman. However, many Privacy Act requests overlap with FOIA; therefore, OGIS provides ombuds services, including providing information about the process and the status of requests, to individuals requesting their own records. OGIS does not have a statutory role in reviewing policies, procedures and compliance with the Privacy Act as we do with FOIA.



NATIONAL
ARCHIVES

We reviewed your submission of information and discussed your concerns with Ms. Shari Suzuki, CBP's FOIA Appeals Branch Chief. Ms. Suzuki affirmed the agency's response to your request and appeal. When an agency is firm in its position, there is little for OGIS to do beyond providing more information about the agency's actions.

Ms. Suzuki explained that CBP searched its database using your client's name as search term and responded to your request by producing all records responsive to your request (46 pages in total). Portions of these records were withheld pursuant to FOIA Exemptions 3, 6, 7(C) and 7(E), 5 U.S.C. §§ 552 (b)(3), (b)(6), (b)(7)(C) and (b)(7)(E). CBP's December 15, 2014 response to your appeal provides a detailed explanation of the agency's use of these

Mr. Michael Grey
July 8, 2015
Page 2 of 2

exemptions, so rather than repeat that information here, we will limit our explanation to the action the agency took on your request.

In discussions with OGIS, you explained that CBP did not produce records related to an incident your client was involved on September 22, 1991. OGIS discussed your concern with Ms. Suzuki, who requested OGIS to provide additional information concerning the 1991 incident. You provided the requested information, and Ms. Suzuki conducted another search for responsive records. Ms. Suzuki located one responsive document (attached – note that this document was previously provided to you).

Federal courts have long settled that in regard to a search for documents, the crucial issue is whether an agency conducted an adequate search for a document, not whether a document *might* exist. An adequate search is conducted when the search is reasonably calculated to uncover all relevant documents. In your case, CBP conducted multiple searches for records about your client, and it is firm that these searches were adequate.

I hope you find this information useful in understanding why CBP responded to your request as it did. At this time, there is no further assistance OGIS can offer and we will close your case. Thank you for bringing this matter to OGIS.

Sincerely,

Nikki Gramian, Director
Office of Government Information Services

cc: Shari Suzuki, Chief, CBP FOIA Appeals, Policy, and Litigation Branch



**800.677.3334    halcolighting.com**

Sign in    Download

*Note : This was the officer* (handwritten)

Dade Police Department

onal Compliance Bureau

oyee Profile - General Log

| Emplo | | Badge No : 1999 | Report Date |
| Clas | | Status : Other Terminated | Hire Date |

## Comme

| Date | Commended By | Source | Type of Commendation |
|------|-------------|--------|---------------------|
| 10/21/1992 | BONI, FRANK | NOT AVAILABLE | DEDICATION TO DUTY |
| 03/30/1993 | TORRALBAS, PETER | NOT AVAILABLE | ASSISTANCE OT THE PUBLIC |
| 01/20/1995 | FORD, JOHN | DEPARTMENTAL | DEDICATION TO DUTY |
| 05/15/1997 | PEARSON/MJR, MADELINE | DEPARTMENTAL | SKILLFUL PERFORMANCE OF DUT |
| 08/31/1998 | CHOBAN, ANDY | PRIVATE CITIZEN | PROFESSIONALISM (RESCUE PRO |
| 09/18/1998 | ALVAREZ/DIR, CARLOS | DEPARTMENTAL | IN APPRECIATION |
| 12/10/1998 | KEENE, KENNETH | OTHER AGENCY | ASSISTANCE TO OTHER AGENCIE |
| 01/19/1999 | ORAMAS, NELSON | OTHER COUNTY AGENCY | PROFESSIONALISM (RESCUE PRO |
| 01/20/1999 | HAMMERSCHMIDT, M.L. | DEPARTMENTAL | SKILLFUL PERFORMANCE OF DUT |
| 03/05/1999 | HAMMERSCHMIDT, M | | PROFESSIONALISM |
| 05/03/1999 | HAMMERSCHMIDT, M.L. | DEPARTMENTAL | MISCELLANEOUS (SPECIFY) |
| 06/29/1999 | HAMMERSCHMIDT, M.L. | OTHER AGENCY | ASSISTANCE TO OTHER AGENCIE |
| 09/08/1999 | HAMMERSCHMIDT, M.L. | DEPARTMENTAL | PROFESSIONALISM |
| 05/15/2000 | HAMMERSCHMIDT, M.L. | DEPARTMENTAL | MISCELLANEOUS (SPECIFY) |
| 01/18/2001 | EDWARDS, ANGELA | PRIVATE CITIZEN | IN APPRECIATION |
| 05/08/2001 | PLATH, JAMES W. | PRIVATE CITIZEN | IN APPRECIATION |
| 05/10/2001 | ESTRADA, FRANK | OTHER AGENCY | ASSISTANCE TO OTHER AGENCIE |
| 07/02/2008 | GARCIA, CARLOS M. | DEPARTMENTAL | DEDICATION TO DUTY |

## Complaints

| Case No. | Date of Complaint | |
|----------|-------------------|---|
| IA-1997-0605 | 12/07/1997 | |
| | | **Allegation** DEPT. MISC. (FORCE VIOLATION-DOMESTIC) / SUSTAINED |

| Case No. | Date of Complaint | |
|----------|-------------------|---|
| IA-1998-0141 | 04/03/1998 | |
| | | **Allegation** DEPT. MISC. (PROPERTY VIOLATION) / NOT SUSTAINED |

## Use of Force

| Date Occ. | Case # | District of Occurrence | | Force | Injury |
|-----------|--------|------------------------|---|-------|--------|
| 02/04/1990 | 63890K | AIRPORT DISTRICT (#7) | | FIST / STRIKE/HIT | INJURY NOT RELATE |

Page 1 of 2

 louis.pdf                    [Sign in]  [Download]

# Miami-Dade Police Department
## Professional Compliance Bureau
### Employee Profile - General Log

**Employee Name :** JEAN LOUIS, PAUL                **Badge No :** 2342              Report Date

**Classification :** POLICE SERGEANT                **Status :** Active              Hire Date

## Commendations

| Date | Commended By | Source | Type of Commendation |
|---|---|---|---|
| 03/09/1992 | SCHROEDER, ROBERT | NOT AVAILABLE | ASSISTANCE TO OTHER AGENCIE |
| 08/24/1993 | FARRELL, JOHN | NOT AVAILABLE | PROFESSIONALISM |
| 08/24/1993 | PRIETO, ANTONIO | NOT AVAILABLE | IN-SERVICE TRAINING |
| 04/16/1997 | KIPPENBERGER, JACK | OTHER AGENCY | ASSISTANCE TO OTHER AGENCIE |
| 05/21/1997 | ROTHLEIN/MJR, STEVE | DEPARTMENTAL | IN APPRECIATION |
| 03/06/2001 | SALTER, MARY | PRIVATE CITIZEN | PROFESSIONALISM |
| 12/05/2002 | BONI, FRANK | DEPARTMENTAL | DEDICATION TO DUTY |
| 06/05/2007 | RAMIREZ, CHIEF V. | DEPARTMENTAL | IN APPRECIATION |
| 11/18/2007 | LOFTUS, JAMES | DEPARTMENTAL | IN APPRECIATION |
| 03/12/2010 | JEANNTON, GARRY | DEPARTMENTAL | DEDICATION TO DUTY |
| 07/22/2010 | JEANNITON, GARRY | DEPARTMENTAL | MISCELLANEOUS (SPECIFY) |
| 07/22/2010 | JEANNITON, GARRY | DEPARTMENTAL | MISCELLANEOUS (SPECIFY) |
| 07/06/2011 | JEANNITON, GARRY | DEPARTMENTAL | MISCELLANEOUS (SPECIFY) |
| 09/06/2012 | JEANNINTON, GARRY | DEPARTMENTAL | MISCELLANEOUS (SPECIFY) |

## Complaints

| Case No. | Date of Complaint |
|---|---|
| PC-1992-0118 | 05/11/1992 |

**Allegation** DISCOURTESY / NOT SUSTAINED

**Allegation** DEPT. MISC. (ABUSE OF AUTHORITY) / NOT SUSTAINED
DEPT. MISC. (ABUSE OF AUTHORITY) / NOT SUSTAINED

## Use of Force

| Date Occ. | Case # | District of Occurrence |
|---|---|---|
| NONE | | |

## Promotions/Demotions

| Date | Date | Promoted To |
|---|---|---|
| 07/09/2012 | PROMOTION | POLICE SERGEANT |

Page 1 of 1

## Disciplines

4/14/13                    Miami-Dade County Clerk Criminal Justice and Civil Infraction Cases

 

[ ] 0 Item(s) in Basket              Home      Online Services      About us      Contact us

## Criminal Justice and Civil Infraction Cases - Case Information

Court Case No.: F-90-038246                    Printer  Friendly

| | | | | |
|---|---|---|---|---|
| State Case No.: | 13-1990-CF-038246-0001-XX | Name: | SALMON, ALRA NOEL AKAs | Date of Birth: 06/14/1967 |
| Date Filed: | 09/24/1990 | Date Closed: | 12/11/1991 | Warrant Type: |
| Assessment Amount: | $0.00 | Balance Due: | $0.00 | Stay Due Date: |
| Hearing Date: | | Hearing Time: | | Hearing Type: |

Court Room:  REGJB - JUSTICE BUILDING, ROOM No.: 2-8

Address:  1351 N.W. 12 ST

| | | | |
|---|---|---|---|
| Previous Case: | | Next Case: | |
| Judge: | FAJARDO, ARIANA | Defense Attorney: | DUNHAM, CHRISTIAN |
| Bfile Section: | F020 | File Location: | RECORD CENTER |  Box Number: 58-0029 |

### Charges:

| Seq No. | Charge | Charge Type | Disposition |
|---|---|---|---|
| 1 | CANNABIS/POSN/20+ | FELONY | CONV AND SENT |
| 2 | PETIT THEFT | MISDEMEANOR | WH ADJ-SUSP ENT SENT |
| 3 | PROBATION VIOLATION | MISC HOLD | PROBATION REVOKED |

NEW SEARCH   MODIFY SEARCH CASES              PAY CASE                      DOCKETS   ADDITIONAL INFO

Criminal Justice Home | Criminal Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights reserved.



S0141756

~14/13



☐ 0 Item(s) in Basket          Home      Online Services      About us      Contact us



## Criminal Justice and Civil Infraction Cases - Case Information

Court Case No.: F-91-034041                    Printer Friendly

| | | | | |
|---|---|---|---|---|
| State Case No.: | 13-1991-CF-034041-0001-XX | Name: | SALMON, ALRA NOEL AKAs | Date of Birth: 06/14/1967 |
| Date Filed: | 09/23/1991 | Date Closed: 12/11/1991 | Warrant Type: | |
| Assessment Amount: | $225.00 | Balance Due: $225.00 | Stay Due Date: | 01/10/1993 |
| Hearing Date: | | Hearing Time: | Hearing Type: | |
| Court Room: | REGJB - JUSTICE BUILDING, ROOM No.: 2-5 | | | |
| Address: | 1351 N.W. 12 ST | | | |
| Previous Case: | | Next Case: | | |
| Judge: | HIRSCH, MILTON | Defense Attorney: | DUNHAM, CHRISTIAN | |
| Bfile Section: | F014 | File Location: RECORD CENTER | Box Number: | 74-0514 |

**800.677.3334     halcolighting.com**

*The Defense attorney is incorrect. Christian Dunham wasn't a lawyer then.*

### Charges:

| Charge Type | Disposition |
|---|---|
| FELONY | CONV & SENT-CONCUR |

PAY CASE                    DOCKETS  ADDITIONAL INFO

Criminal Justice Home | Criminal Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights Reserved.



S0141766

Miami-Dade County Clerk Criminal Justice and Civil Infraction Cases




0 item(s) in Basket        Home        Online Services        About us        Contact us

HARVEY RUVIN
CLERK of the COURTS
MIAMI-DADE COUNTY, FLORIDA

## Criminal Justice and Civil Infraction Cases - Case Information

Court Case No.: F-91-037052        Printer Friendly

| | |
|---|---|
| State Case No.: | 13-1991-CF-037052-0001-XX |
| Name: | SALMON, ALRA NOEL AKAs |
| Date of Birth: | 06/14/1967 |
| Date Filed: | 10/18/1991 |
| Date Closed: | 12/11/1991 |
| Warrant Type: | |
| Assessment Amount: | $0.00 |
| Balance Due: | $0.00 |
| Stay Due Date: | |
| Hearing Date: | |
| Hearing Time: | |
| Hearing Type: | |
| Court Room: | REGJB - JUSTICE BUILDING, ROOM No.: 3-4 |
| Address: | 1351 N.W. 12 ST |
| Previous Case: | |
| Next Case: | |
| Judge: | DE LA O, MIGUEL M |
| Defense Attorney: | |
| Bfile Section: | F015 |
| File Location: | RECORD CENTER |
| Box Number: | 76-0087 |

### Charges:

| Seq No. | Charge | Charge Type | Disposition |
|---|---|---|---|
| 1 | GRD THFT/3D | FELONY | CONV & SENT-CONCUR |
| 2 | GRD THFT/3D | FELONY | CONV & SENT-CONCUR |
| 3 | PETIT THEFT | MISDEMEANOR | NO ACTION |
| 4 | PETIT THEFT | MISDEMEANOR | NO ACTION |

NEW SEARCH   MODIFY SEARCH CASES        PAY CASE        DOCKETS   ADDITIONAL INFO

MIAMI-DADE

4/14/13                    Miami-Dade County Clerk Criminal Justice and Civil Infraction Cases



 0 Item(s) in Basket              Home    Online Services    About us    Contact us

## Criminal Justice and Civil Infraction Cases - Case Information

Court Case No.: M-90-090500                                    Printer Friendly

** This case is not eligible to be paid online. For more information, please contact the
Clerk's Office at (305) 275-1155 **

| | | | |
|---|---|---|---|
| State Case No.: | 13-1990-CO-090500-0001-XX | Name: | SALMON, ALRA NOEL AKAs | Date of Birth: | 06/14/1967 |

| | | | |
|---|---|---|---|
| Date Filed: | 11/26/1990 | Date Closed: | 11/22/1991 | Warrant Type: | |

| | | | |
|---|---|---|---|
| Assessment Amount: | $0.00 | Balance Due: | $0.00 | Stay Due Date: | |

**Hearing Date:**                    Hearing Time:                    Hearing Type:

Court Room:  REGJB - JUSTICE BUILDING, ROOM No.: 4-9
Address:  1351 N.W. 12 ST

**Previous Case:**                   Next Case:

Judge:  WOLFSON ANDREA RICKER      Defense Attorney:

Bfile Section:  M001               File Location:  DESTROYED      Box Number:

### Charges:

| Seq No. | Charge | Charge Type | Disposition |
|---|---|---|---|
| 1 | PETIT LARCENY, THEFT | COUNTY ORDINANCE | CONV W/CTS |

NEW SEARCH CASES    MODIFY SEARCH                    PAY CASE                    DOCKETS    ADDITIONAL INFO

2008 Clerk of the Court. All Rights reserved.



S0141756

Case 1:16-cv-23013-JAL Document 1 Entered on FLSD Docket 08/23/2016 Page 15 of 108

**NARRATIVE CONTINUATION**

METRO-DADE POLICE DEPARTMENT

Agency Report Number: 306766-L

070591

070791

MIA CMC E 11

Primary Offense: GRAND THEFT

PAN AM AIRWAYS

CROSS REFERENCE WITH CASE # 466.544-L

SUBJECT: SALMON, ALRA N

CHARGES: GRAND THEFT

JUDGE: RAMIREZ   ASA: COULOMBE, R   COURT CASE #: 91-37052

CASE DISPOSITION:   GUILTY (✓)   ACQUITTED ( )   NOLLE PROSSED ( )

NO ACTIONED ( )   OTHER ( )

ADJUDICATION:   YES (✓)   NO ( )

SENTENCE: One year & One day

PROPERTY:   PROPERTY DISPOSITION COMPLETED:   YES (✓)   NO ( )

NO PROPERTY IMPOUNDED ( )

Judge Ramirez After Plea Negociations
Accepted The Above Defendant's Plea.
One year, One day in Jail, Adjudication &
No Restitution.

~~All Evidence was approved for Destruction.
See attached Property Disposition~~

Case Disposition: Exceptionally Cleared Arrest/Conviction

P. JEAN-LOUIS 18

SGT. J. Byrne   1734

VEBA

2343/#4   A6212   02052

JEAN-Louis (8) JB   2-5-92

NARRATIVE CONTINUATION

**METRO-DADE POLICE DEPARTMENT**

GRAND THEFT

PAN AM WORLD AIRWAYS

50 6766-L

10-11-91  THIS INVESTIGATOR AFTER REVIEWING
THE EVIDENCE AND FACTS OF THE
ABOVE GRAND THEFT, PREPARED AN
ARREST AFFIDAVIT DETAILING THE PROBABLE
CAUSE. THE ABOVE NAMED SUBJECT
WAS IN THE DADE COUNTY JAIL. THIS
INVESTIGATOR PRESENTED SAID ARREST
AFFIDAVIT TO THE JAIL AND CHARGED
THE SUBJECT WITH 5 COUNTS OF PETIT
THEFT AND 1 COUNT OF GRAND THEFT.

PREFILE CONFERENCE WAS MADE BY
THIS INVESTIGATOR FOR 10-24-91, 1130 AM
WITH ASA N. SIVA.

CASE DISPOSITION: CLOSED BY ARREST

**PROPERTY REPORT**
**METRO-DADE POLICE DEPARTMENT**

Agency Case Number: 5 06 766 - L

Type Theft: Grand Theft / PAN AM    1 2

Serial Number: V 0101 7 0 2    Brand    06-24-91
Description: SEAT ON FLIGHT 486
Value: 8.08.100    Value Recovered: N/A    Date Recovered: N/A

Serial Number: V 0102 9 0 2    Brand: PAA ticket    Model Number: 080291
026483197350    Description: FLIGHT 986
Value: 908.00    Value Recovered: N/A    Date Recovered: N/A

Serial Number: V 0103 7 0 2    Brand: PAA ticket    Model: — ALREADY DETAINED
026483235290    Description: FLIGHT 986
Value: 2.08.100    Value Recovered: N/A    Date Recovered: N/A

Serial Number: V 0104 7 0 2    Brand: PAA ticket    Model Number: 081791
0264831285471    Description: FLIGHT 986
Value: 2.08.00    Value Recovered: N/A    Date Recovered: N/A

Serial Number: V 0105 7 0 2    Brand: PAA ticket    Model Number: 071091
026928525189    Description: FLIGHT
Value: 1.39.100    Value Recovered: N/A    Date Recovered: N/A

Serial Number: V 0106 7 0 2    Brand: PAA ticket *86
026 2104646758    Description: FLIGHT *86
Value: 9.96.100    Value Recovered: N/A    Date Recovered: N/A

Property Stolen: 1,3.6.7.100    Change in Property Stolen Value: N/A
Property Recovered: N/A    Change in Property Recovered Value: N/A

PROPERTY DETAIL/NARRATIVE:
THE TOTAL LOSS OF CURRENCY
WAS $ ▓▓▓▓ .

USED tickets LEFT IN CUSTODY OF
VICTIM FOR SAFEKEEPING.

Officer Reporting: T. Ferl-Louis
Officer Reviewed (Signature): Sgt. G. Byrne 1734    ID Number    Routed To: 82712/79    Attached To: 7672    Assigned To: 101691
    JEAN-LOUIS/ASSIGNED JB    3.3

32.02 03-4

* IMPOSSIBLE to be detained
and on a flight at the
same time. All above #'s were
fabricated. See actual ticket

Case 1:16-cv-23619-JAL Document 1 Entered on FLSD Docket 08/23/2016 Page 18 of 108

**NARRATIVE CONTINUATION**

**METRO-DADE POLICE DEPARTMENT**

506 766-2

10-96-91 THE REPORTER (C-01) STATED THAT AN
AUDIT REVEALED THAT THE ABOVE SUBJECT
A FORMER EMPLOYEE, (TERMINATED ON 08-22-91)
WITHOUT THE VICTIM'S AUTHORIZATIONS
SIX(6) OCCASIONS FRAUDULENTLY TRAVELLED
ON PAN AM FLIGHTS. THE SUBJECT
WAS NOT ENTITLED TO USE THE FLIGHT
COUPONS, THAT ILLEGAL USE OF SAID
COUPONS DEPRIVED THE VICTIM OF THE
SUM OF $

THE VICTIM WAS ABLE TO
IDENTIFY THE SUBJECT BECAUSE
ALL THE TRIPS TAKEN BY THE SUBJECT
WERE TO A FOREIGN COUNTRY
OR U.S. WAS REQUIRED
AS PROOF OF IDENTIFICATION PRIOR TO
BOARDING.

THE SUBJECT BY HIS ACTIONS DEPRIVED
THE VICTIM OF SEATS THAT COULD HAVE
BEEN SOLD PAYING PASSENGERS,
THUS DEPRIVING THE VICTIM OF THE
ABOVE LISTED DOLLAR AMOUNT.

JEAN-LOUIS
SGT. OSBORNE

tampered w/evidence & falsified this document

**PAN AM.**

ISSUED BY PAN AMERICAN WORLD AIRWAYS, INC.
SUBJECT TO CONDITIONS OF CONTRACT IN THIS TICKET

| | TRAVEL CARD PASS AND BAGGAGE CHECK | FLIGHT COUPON | 2 | 026:4832:134:695 □ COMPANY BUSINESS |

Passage must be completed prior to expiry date of TRAVEL CARD or airline, in accordance with PAN AM travel policy.

PLACE OF ISSUE   12 SEP 80

| CARRIER | FLIGHT/CLASS | DATE | SA | | A B C |
| PA | | | SA | | A B C |
| PA | | | SA | | A B C |
| PA | | | | | A B C X |

I ACKNOWLEDGE THAT THE GIVING OR SELLING OF FREE OR REDUCED FARE TICKETS TO INELIGIBLE PERSON(S) IS AGAINST THE LAW AND WILL RESULT IN DISMISSAL FROM THE COMPANY

SHOW ID CARD AT CHECK-IN
→ PA TRAVEL CARD IMPRINT

THIS TICKET VALID ONLY WHEN IMPRINTED WITH PA TRAVEL CARD AND SIGNED IN PRESENCE OF PAN AM CHECK-IN AGENT.

NOT TRANSFERABLE          NON ENDORSABLE

GOOD ONLY
ON PAN AM

2 026 4832134695 4 □

Sample coupon Actual ticket

→ ticket was supposed to be signed in front of gate agent, this ticket was never signed, therefore the ticket was not valid



COMPLAINT/ARREST AFFID

11-9938

48

DEFENDANT'S NAME: SALMON ALEXA ARIEL

261/4167 M B/R   6'1"160 VIA BRN

LOCAL ADDRESS: 12441 NW 23 AVE MIAMI, FLA 33914

PERMANENT ADDRESS

BUSINESS ADDRESS: unk

DRIVER'S LICENSE NO.

Arrest Time ☒ A.M.  5:40  1321 NW 13 ST.

Influence of Drugs ☐ Yes ☒ No   Influence of Alcohol ☐ Yes ☒ No   Citizenship: JAMAICAN   Residence Type: ☒ City ☐ Dade ☒ Florida ☐ Out of State

**CHARGES:**

| | | | | | |
|---|---|---|---|---|---|
| 1 | PETIT LARCENY/THEFT 2ND | | | | 90-090500 |
| 2 | | | | | 260290B |
| | | | | | 250290B |

The undersigned certifies and swears that he/she had reasonable grounds to believe the above named Defendant:

On the 10 day of Dec. 91 At 5:40 ☒ A.M. ☐ P.M.  1321 NW 13 ST

committed the following violation of law. Narrative (Probable)

1) Retail Larceny Case # 90-090500 Bond/amount $500⁰⁰
   Power # A05-226176

2) DWLS Case # 260290B Bond/amount $750⁰⁰
   Power # A05-226177

Agency or Other Agency: 48

Officer's Name - Print: AARON AAEK (ABJ)

NOV '91

Officer's Signature

SURETY 503 48

I was detained on this date, couldn't of possibly been here. All records show fabrication.

**L. DEVEAUX**

## COMPLAINT/ARREST AFFIDAVIT

98548    476198-K

90-38296

Used the same #754

**SALMON, ALRA NOEL**

DOB 06/14/67   13   M   6'1"   170   B/BR

12441 NW 23 AV.   MIAMI FL. 33167

S/A Local

PAN AM Fleet service M.I.A. MIAMI FL. 33159   874-3213   BAGGAGE HANDLER   MIAMI FL

S 455-014-67-214 FL.   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

Arrest Date 09/21/90   8:00 PM   Lower conc. E U.S. Customs Office

USA

### CHARGES

| POSSESSION of MARIJUANA | | 1 | 893.13(1)(2) | | | | 21-81(A) |

BWI 8901680
$500

DADE Co.

On the 21 day of Sept. 1990 At 5:20 PM   M.I.A. FLT 484 conc. E-6

Δ WAS stopped BY W-01 exiting The Rear of FLT 484 at E-6. Δ was carrying a BLACK Plastic BAG Containing 12 Bundles of MARIJUANA w/a Total wt. of 20.3 LBS. W-01 contacted W-02, U.S. Customs agt. chance, who Took Δ into custody. W-02 contacted M.D.P.D. This writer Responded & ARRESTED Δ. Δ Transported To station #7 For PAPERWORK Then Transported to T.G.K.

Pre-file agt. For FRI 9-28 at 2 PM w/h ASATOME. witnesses 1 & 2 Notified
DO NOT SUBPEONA OFFICER CICIONI

PAGE 1 OF 1

**CICIONI, DON**

September 1990

MDPD   3296   73

COURT COPY

**Suzann Feldman UEP**

| | |
|---|---|
| **From:** | Suzann Feldman <suzann0201@gmail.com> |
| **Sent:** | Monday, August 15, 2016 8:06 AM |
| **To:** | Suzann Feldman UEP |
| **Subject:** | Fwd: Letter |

Sent from my iPhone

Begin forwarded message:

> **From:** Junior Smith <junior7471@icloud.com>
> **Date:** August 14, 2016 at 2:09:09 PM EDT
> **To:** Suzann Fledman <suzann0201@gmail.com>
> **Subject: Fwd: Letter**

> Jr

> Begin forwarded message:

>> **From:** "Stephen D. Whitman" <PanAm001@yahoo.com>
>> **Date:** June 6, 2015 at 11:27:05 AM EST
>> **To:** Junior Smith <junior7471@icloud.com>
>> **Subject: Letter**

>> To whom it may concern;
>> The following is how Pan American World Airways Employee Travel worked.
>> You first needed to have a valid Employee Travel / Identification card.
>> Then you needed a Travel Card Pass which were located in several locations around your work area.
>> You would then fill out your city pairs ie. JFK / MIA / JFK, your name and sometimes the date depending if the credit card like machine was available. If the machine was available you set the date on the swipe machine and it would be imprinted on the pass.
>> Most times we would just fill in the date and rub the side of a pencil or pen over the ID card to emboss the card info onto the pass.
>> After it was completely filled out it had to be signed by the employee.
>> Next if your travel was in the future you would list for the flight.
>> When you go to check in at the front counter they check your ID and tell you if there is space available for the flight.
>> If you were traveling right away you would go directly to the gate. They would check you in, take the coupon from you and issue a boarding card. They would staple the coupon to the boarding pass. When you board the aircraft the coupon

1

and a small piece of the boarding card were removed.
You boarded with the boarding card and all coupons are then sent to Rockleigh,
New Jersey to be processed.

Regards,

Stephen D. Whitman

Sent from my iPhone

April 2nd, 2012


Captain Craig James
Pinnacle Airlines, DBA Delta Connection
3229 Night Breeze Ln
Lake Mary, FL 32746

To Whom It May Concern:

I'm writing this letter on behalf of, and in reference to Mr. Alra Salmon.
To be specific, I'm writing to clarify whether Mr. Salmon would have been able to travel
internationally or otherwise with just a non revenue travel coupon.

I've had the opportunity to examine the non revenue ticket with which Mr. Salmon is
alleged to have travelled solely with.  In my 12 years experience of working in the
transportation industry and travelling myself, I can unequivocally state that it is against
numerous airline industry policies to allow boarding to a commercial aircraft without an
accompanying boarding pass.

In closing, please feel free to contact me with any further questions in reference to this
matter at 407-252-2691.

Sincerely,



Captain Craig James

TRULINCS  01815265 - SALMON, ALRA - Unit: BRO-I-C

---------------------------------------------------------------------------------------

FROM: 01815265
TO:
SUBJECT: draft letter for Judge Mauskopf
DATE: 11/06/2011 12:52:15 PM

Salmon Alra #01815-265,
Metropolitan Detention Center,
Brooklyn,
P.O.Box. 329002,
New York 11232


Re: United States Vs. Salmon Alra
Case No. 10-cr-909 (RRM)


Dear Judge ,

I am writing to you in regards to the above case. On the 22nd September 1991 I was returning from a funeral in Jamaica on an Air Jamaica flight - the flight number was JM 25, the arrival time was 15:50. I was stopped at Miami International Airport by immigration officials. A search of my belongings produced an expired flight coupon which had been in my possession for some time, since I was previously an employee of Pan American Airlines. It should be noted that the flight coupon was expired and no longer valid - it had been in my possession since I was last employed by Pan Am. I never used the coupon, I merely had it in my possession. It would not have been possible for me to use the coupon on the flight I had arrived on as the flight was an Air Jamaica flight and the coupon was for Pan Am. It should be noted that coupon was non transferrable and I was also in possession of a valid flight ticket ticket for JM 25 which I had bought using my credit card. My original flight ticket was destroyed by the immigration official along with other documents in my briefcase. My only error was that I was in possession of an expired coupon. At no point in time did I ever attempt to use the coupon to board a flight or facilitate my travel arrangements. It would simply not have been possible to use the expired Pan Am coupon to board and Air Jamaica flight or to use the coupon to obtain a ticket for an Air Jamaica flight. The crux of my argument is as follows:

1.The coupon was expired and no longer valid.
2.The coupon alone could not have been used board a flight - a boarding pass would be required so that I could be assigned a seat location.
3.The coupon would not have been accepted unless it was presented with a valid Pan Am employee card - which I was not in possession of.
4.Most importantly - I was already in possession of a valid ticket, which I used to board the Air Jamaica JM 25 flight.
5.This valid ticket was paid for legitimately using my own credit card.
6.The Pan Am coupon could not have been used to board an Air Jamaica flight as the coupon clearly states that it is "Good for Pan Am only".
7.I have received correspondence from a Mr. M.Kelly Cusack who previously worked at Pan Am. His correspondence is detailed below. He clearly states that any Pan Am coupons that were used were stamped with a round ink stamp that said "Pan Am Used". The coupon has no such stamp and so clearly it was not used.

Upon arriving at Miami International Airport I was stopped by an immigration official. The official and I exchanged some heated words and the situation escalated into an argument. I was upset that he was trying to accuse me of using a coupon which was clearly expired and no longer valid, in addition to his lack of diligence in trying to ascertain whether or not I was guilty of any crime. The immigration officer charged me with Grand Theft and had me arrested. It should be mentioned at this point that I was charged twice for the same crime, once on the 22nd September 1991 and again on the 17th October 1991, both time for the same crime.

Prior to this incident, a year earlier, on the 21st September 1990 I was arrested in a separate case of possession of marijuana. I was charged and sentenced to 366 days probation. However it should be noted that this was not an aggravated felony - please see transcript of trial (minutes) document reference: GOV-SALMON000000570. It just so happened that when I arrived at Miami International Airport a year later I had only one day of probation left. As a result of my being charged with Grand Theft on the 22nd September 1991 I was found to be in violation of my probation. Prior to this incident, Grand Theft, I had no felonies. It should be noted here that when the Immigration official processed the complaint for the Grand Theft charge he used the same OBTS number that had been used a year earlier on the September 1990 complaint for possession of marijuana. In

TRULINCS 01815265 - SALMON, ALRA - Unit: BRO-I-C

--------------------------------------------------------------------------------

n subsequent complaint he then stated that the price of the ticket was $403 (OBTS Number 0004755665 - ref: GOV-SALMON 000000598). However at a subsequent time he re-filed the complaint and amended the price of the ticket to $1,367 (ref: GOV-SALMON 000000015 - police case no: 506766-2). By refilling the complaint and wrongly increasing the price of the ticket the charge went from being a misdemeanor to an aggravated felony. It is unheard of for a ticket from Jamaica to Miami to cost $1,367 - even if one was travelling first class on Concorde!

I have also attached email correspondence from Mr. Steven Kovacs, Airfield Senior Agent at Miami International Airport. He provided me with the flight information for all arriving flights on the 22nd Sep 1991. The flight I arrived on was Flight JM 25 - an Air Jamaica flight that departed from Montego Bay and arrived in Miami via Kingston.

I am also attaching the original flight coupon 2 026 48321434695 which clearly states that a valid ID must be presented at check-in. From the photocopies of my ID cards that were taken from me by the official it is clear that I was not in possession of a Pan Am ID card. The coupon was not stamped and was not even filled out by the gate agent. Also the coupon clearly states that travel is good for Pan Am only. The only stamp on the coupon is the one that the Immigration officer himself placed on it - he backdated the stamp to 12 Sep 90 and stamped the ticket under heading "Date of Issue". This action should have been performed solely by the check in agent at the gate in addition to a stamp which would have said "Pan Am Used". I believe he made a mistake by doing this and in doing so caused more confusion.

I was subsequently held at Miami Dade County Jail for a period of 56 days, from the 22nd September 1991 to 11th December 1991. I was sentenced to a year and a day and completed my sentence on the 18th June 1992 at the Department of Corrections, Florida.

Your Honor, I firmly believe that I was wrongly imprisoned for Grand Theft as a result of serious misconduct on the part of the Government amongst others. I believe this violated all of my constitutional rights. The misconduct stemmed from the fact that vital evidence was withheld from me, which could have been used to exonerate me. The vital evidence that I am referring to was my original paid ticket which I had used to board the Air Jamaica flight - JM 25, from Kingston, Jamaica to Miami International Airport, USA. Had I been given access to the aforementioned evidence I would have easily been able to prove my innocence and thus I would never have been wrongly imprisoned in the first place. Even if I had had taken Flight 986 Pan Am flight from Kingston to Miami - the email correspondence (dated 3rd November 2001) between Suzann Feldman and M.Kelly Cusack clearly shows that a flight coupon alone would have been insufficient to board the flight 986. The email clearly states that the coupon must be filled out at the gate and stamped with "OK" or "HK" and "Pan Am Used" - they would then take the actual coupon and issue a boarding pass subject to seat availability. The coupon also states that ID must be presented at check in before the flight may be boarded. I returned my ID on 22nd Sep 1990 - a year before this incident even occurred.

Last but not least, I have recently received correspondence from a Mr. M. Kelly Cusack, 5910 Wiltshire Dr, Bethesda, MD 20816, Cell: (917) 817-3609, Email: pa115@aol.com, website url: www.EverythingPanAm.com. Mr. Kelly was previously employed at Pan Am as --------. Please refer the email correspondence attached between Suzann Feldman and myself. In the email chain Ms Feldman has been liaising with Mr. Kelly in regards to this entire incident. He clearly states in the email:

I don't have any used flight coupons. I can tell you that the used coupons were stamped with a round ink stamp that said "Pan Am Used" carried by all agents. This was done for both revenue and free ticket. once stamped the coupons were submitted to Pan Am's accounting offices in Rockleigh, NJ for further processing."

Therefore according to Mr.. M Kelly it is clear that if I had used the coupon:

1. Then it would have been stamped with "Pan Am Used".
2. The gate agent would have taken it from me and issued me with a boarding pass as per airline policy.
3. It would have had to be presented with a Pan Am employee card - which was not possible as I did not have one - please refer to correspondence from Mr.. M Kelly in which he states that in order for an employee to receive their final paycheck they must return ALL Pan Am items - including the Pan Am employee card. Therefore by default I could not have been in possession of a Pan Am employee card. This would have to have been facilitated via a Union representative.
4. The flight I would have been boarding would had to have been a Pan Am flight - as the coupon clearly states "Good for Pan Am only"

This entire debacle is the reason that I am being held in custody for the past year. As I am sure you can appreciate I am extremely distraught and have received no assistance from anyone. I feel I have been left with no choice but to contact you directly.

https://mail.google.com/mail/u/0/?ui=2&ik=a73fob9f6d&v...

Regards,

**Steven Kovacs**
Airfield Senior Agent
Advance Planning & Scheduling
Aircraft Gate, Cargo, Schedule and Noise Numbers

Miami International Airport

Miami-Dade County Aviation Department

fax

*"Delivering Excellence Every Day"*

**From:** Kovacs, Steve (Aviation)
**Sent:** Friday, October 28, 2011 12:10 PM
**To:** ; Wright, Karen (Aviation)
**Cc:** Craven, Lonny (Aviation); Murphy, Jim (Aviation)
**Subject:** RE: KMIA Historical Data

We are working on the request and attempting to locate the documents. The records in question if they still exist are filed away in boxes and is now labor intensive to find. An answer should be available by the end of the day on Monday.

Regards,

**Steven Kovacs**
Airfield Senior Agent
Advance Planning & Scheduling
Aircraft Gate, Cargo, Schedule, and Noise Numbers

Miami International Airport

Miami-Dade County Aviation Department

fax

*"Delivering Excellence Every Day"*

TRULINCS  01815265 - SALMON, ALRA - Unit: BRO-I-C

--------------------------------------------------------------------------------

FROM: Smith, Rory
TO: 01815265
SUBJECT: Re: RE: Re: Hey Dude
DATE: 11/04/2011 08:03:08 PM

On Friday, November 4, 2011, pa115@aol.com <pa115@aol.com> wrote:
> Pan am I d cards lasted a good long time. Some folks had them for 10 years or more. However approximately 1986 the
company switched I d cards and everybody got a new 1 that year. employees who joined the company after 1986 got the new I
d card that was used for embossing tickets. In theory they kept that same I d card until they left the company at which time they
would have turned it in to get their final paycheck. The only reason to change I d cards would be if you married or got promoted
giving you a higher boarding priority
>
> Connected by DROID on Verizon Wireless
>



uv JR

--Smith, Rory ~~~~~~~~~~~~~~~~ M wrote:

>

Man I just had ~~~~~~ scree~~~ my pool~ and u want~ ~~~y... ~~~~ some. ~~~e stuff~ on the ~~~~~~~ ~~~~~~~ though it won't from
my phone ~~~ll get it to you mon le~~~~~

ALRA SALMON on 11/4/2011 9:25:51 AM wrote
Dude, do you have ~~~~~ me $$? ~~~~ ~~~~~~~ thanks
~~~~~
----Smith, Rory on 11/3/2011 9:00 ~~~~~~ wrote:

>

Let me know if you get this!!

Sent from my iPhone

Begin forwarded message:

> From: "M. Kelly Cusack" <pa115@aol.com>
> Date: November 2, 2011 4:49:22 PM EDT
> To: suzann0201@gmail.com
> Subject: Re: Manuel
>
> Employees had "self write" tickets.  The blank tickets were obtained from personnel offices.  They looked like regular
customer tickets with 4 coupons but had a red cover to denote employee/ standby.  Employees placed the blank ticket stock in
an old fashioned credit card embossing machine along with their employment ID card (which had embossed raised letters) to
activate the ticket with their name and employee number.  Then they went to the airport and filled in the coupons as they were
cleared onto the flight by a gate agent.  Generally employees didn't fill in the coupons in advance in case they didn't get on a
flight to the original destination of choice.  Having a blank coupon meant they could switch destinations and not waste a
coupon. On the attached image the lower right corner show's the embossing area.  The green section on the from - to area
shows which leg of travel the particular coupon represents.  "PA" (Pan Am) was the defalut carrier and SA meant space
available rather than "OK" or "HK" the airline abbreviation for confirmed space.  Employees had different priorities for boarding
depending on seniority and position in the company.
>
> Curious why you're looking for this kind of information.
>
> Kelly
>

TRULINCS  01815265 - SALMON, ALRA - Unit: BRO-I-C

---------------------------------------------------------------------------------------

FROM: Smith, Rory
TO: 01815265
SUBJECT: Re: RE: Re: RE: Re: Hey Dude
DATE: 11/05/2011 08:03:08 PM

~~oh man, you going to have ████████ all next friday when the checks come in.. you know will take care of you.. how the situation looking?~~

ALRA SALMON on 11/5/2011 7:50:18 AM wrote
~~So what ████████ ay & my ████████~~
~~am ███████ come & █████~~

----Smith, Rory on 11/4/2011 8:03 PM wrote:

,

ow.
So sorry to hear your friend is having a protracted legal battle so many years after the demise of Pan Am.  The employee self-write tickets were used for both domestic and International travel.  There was no difference as Pan Am flew to more international locations than domestic.

don't have any used flight coupons.  I can tell you that the used coupons were stamped with a round ink stamp that said "Pan Am Used" carried by all agents.  This was done for both revenue and free ticket.  Once stamped the coupons were submitted to Pan Am's accounting offices in Rockleigh, NJ for further processing.  This was the case for tickets from all over the world ..they were all sent to Rockleigh.

However, if a flight went mechanical or was canceled last minute for another reason it was not uncommon for customers to be given back the flight coupon, with the Pan Am Used stamp on it and the customer would then be directed to another flight with the understanding that the gate agent would accept the coupon in spite of the used stamp.  Should the customer decide they were too tired to continue traveling they might go home and request a refund for the "used" ticket.  Generally speaking if a customer was in possession of a flight coupon it was considered un-used regardless of the stamp.

Hope this helps.

Kelly

M. Kelly Cusack

www.EverythingPanAm.com

5910 Wiltshire Dr.
Bethesda, MD 20816
Cell: (917) 817-3609
E-mail: pa115@aol.com

ALRA SALMON on 11/4/2011 3:40:57 PM wrote
~~than ████████ soon~~
uv JR
-----Smith, Rory on 11/4/2011 2:33 PM wrote:

,

~~████████████████████████████████████████████████████~~
~~████████████████████████████████████████~~

ALRA SALMON on 11/4/2011 ████████ wrote
~~████ do you ████████████████~~

**COMPLAINT/ARREST AFFIDAVIT**

SEP 23 AM 1:11

| OBTS Number | | | Felony ☐ Misdemeanor | ☐ Traffic | 91938 | 466554-L | 03 |
|---|---|---|---|---|---|---|---|
| 0,0,0,4,7,5,5,6,6,5 | ☐ Juvenile | | ☐ Warrant | | | |

IBS No. 95/7254    Agency Code 30    Municipal P.D. Def. ID No    MDPD Records and ID No    Court Case No. 91 - 51041

DEFENDANT'S NAME    Last    First    Middle    DOB mo/day/yr    Sex    Race    Ethnic    Height    Weight    Hair    Eyes
SALMON, ALRA NOEL    06/14/67    M    B    62    170    BLK    BRN

LOCAL ADDRESS    Street    City    State    Zip    Phone
777 NW 155 LANE   MIAMI, FL 33169

PERMANENT ADDRESS    Street    City    State    Zip    Phone
Address Source ☐ Verbal ☑ Voter's ID
☐ Driver's License ☐ Other

BUSINESS ADDRESS    Street    City    State    Zip    Phone
Occupation FLIGHT SERVICE    Place of Birth JAMAICA

DRIVER'S LICENSE NO.    State    Social Security No    Scars, Tattoos, Unique Physical Features
S455-014-67-214    FL    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    NONE VISIBLE

Weapon Seized? Type ☐ Yes ☑ No    Arrest Date mo/day/yr 09/22/91    Arrest Time 1030 ☐ A.M. ☑ P.M.    Arrest Location (include name of business) MIAMI INTERNATIONAL AIRPORT (U.S. IMMIGRA

No. of Cases Cleared    Influence of Drugs ☐ Yes ☑ No ☐ Unknown    Influence of Alcohol ☐ Yes ☑ No ☐ Unknown    Citizenship JAMAICAN    Residence Type ☐ City ☑ Dade ☐ Florida ☐ Out of State

CO-DEFENDANTS    Last    First    Middle    DOB mo/day/yr    / /    ☐ In Custody ☐ Felony ☐ Juvenile / ☐ At Large ☐ Misdemeanor
    Last    First    Middle    DOB mo/day/yr    / /    ☐ In Custody ☐ Felony ☐ Juvenile / ☐ At Large ☐ Misdemeanor

| CHARGES | Acuvity | Type | Counts | STATUTE | | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|
| GRAND THEFT | H | N | 1 | 812.014(2)(C)(1) | | 21.81(8) |
| ON Probation F90 38248 | | | | | | |

The undersigned certifies and swears that he has just and reasonable grounds and does believe that the above named Defendant
On the 22ND day of SEPT. 19 91 At 5 ☐ A.M. ☑ P.M.    M.I.A. (U.S. IMMIGRATIONS)
(Location: include name of business)

committed the following violation of law. Narrative (Be specific) THE ABOVE NAMED DEFENDANT ON THIS
DATE TRAVELED ON PAN AM FLIGHT 986 FROM KINGSTON
JAMAICA. HE USED A FRAUDULENTLY ISSUED FLIGHT COUPON
(026:4832:134:695) VALUED AT $403.00. INVESTIGATION
REVEALED THAT THE DEFENDANT WAS NO LONGER
EMPLOYED BY PAN AM (TERMINATED 07-21-90) AND WAS
NOT ENTITLED TO BE IN POSSESSION OR TO USE
THE ABOVE LISTED FLIGHT COUPON.                    PAGE 1 OF 2

void for Other Agency    ☐ HOLD FOR BOND HEARING DO NOT BOND OUT (Officer Must Appear at Bond Hearing)
Agency _____ Verified by _____

I Swear that the above Statement is correct and true to the best of my knowledge and belief
Officer's Name (Print) L.C. JONES    Sworn to and subscribed before me, the undersigned authority, this 22 day of September 19 91
Officer's Signature    2542    Deputy of the Court or Notary Public
MDPD.    1999    73

**COMPLAINT/ARREST AFFIDAVIT CONTINUATION**

| Number | ☑ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No | Police Case No. 506 766-L | |
|---|---|---|---|---|
| | Agency Code 30 | Municipal P.D. Def. ID No | MDPD Records and ID No. | Court Case No |

DEFENDANT'S NAME Last SALMON First ALRA Middle NOEL    DOB mo day/yr 06/14/67

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ CIT | VIOLATION OF SECT 21-81 A |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | FOR THE CASE OF DADE |

TRAVEL, AND REQUIRED AS PROOF OF IDENTIFICATION HIS JAMAICAN PASSPORT OR U.S. ALIEN CARD, AS REQUIRED BY LAWS OR MANDATE.

THE DEFENDANT BY HIS ACTIONS DEPRIVED THE VICTIM OF THE SUM OF $ 1,367.⁰⁰ BY ILLEGALLY USING THE AN AMERICAN FLIGHT COUPONS & TICKETS, THE DEFENDANT PERMANENTLY DEPRIVED THE VICTIM OF THE ABOVE LISTED REVENUE.

PAGE 2 OF 2

| for Other Agency ___ icy ___ Verified by ___ ___ wear that the above Statement is correct and true to the best of my ___ and belief. P. JEAN-LOUIS ___ ___ | ☐ HOLD FOR BOND HEARING 'DO NOT BOND OUT (Officer Must Appear at Bond Hearing). Sworn to and subscribed before me, the undersigned authority this ___ day of ___ 19 72 Sgt. O. Brown | I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes |
|---|---|---|

 **COMPLAINT/ARREST AFFIDAVIT**
**CONTINUATION** 

| S Number | ☑ Felony  ☐ Misdemeanor  ☐ Traffic<br>☐ Juvenile  ☐ Warrant | Jail No.<br>91938 | Police Case No<br>466554-L |
| | Agency Code<br>20 | Municipal P.D.  Det. ID No. | MOPD Records and ID No. | Court Case No. |

ENDANT'S NAME  Last  First  Middle
SALMON   ALRA   NOEL

DOB (MO/DY/Y)
06/14/67

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ F N ☐ PW ☐ CIT # | VIOLATION OF SECT |
| | | | | | | |
| | | | | | | OF THE CODE OF |

MR. R. JENNINGS OF PAN AM RESPONDED to THE
STATION, EXAMINED ABOVE DESCRIBED FLIGHT
COUPONS AND VERIFIED THAT THE ABOVE NAMED
DEFENDANT WAS NOT AUTHORIZED to USE THE
FLIGHT COUPON ON THIS DATE. AFTER MIRANDA
WARNING THE DEFENDANT ADMITTED to HAVING
DEFRAUDED PAN AM OF THE ABOVE AMOUNT.

DEF. WAS ARRESTED & CHARGED WITH THE ABOVE
CHARGES, THEN TRANSPORTED to TGK.

PRE File CONFERENCE MADE FOR 09-30-91 (MON)
9:00AM W/ ASA SILVA BY M. JURAND.

STATE OF FLORIDA, COUNTY OF DADE
I CERTIFY that the foregoing is a true and correct copy of the
original on file in this office. SEPT 2 3 1990 AD 19 ____
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____  PAGE 2 OF 2

| for Other Agency | | ☐ HOLD FOR BOND<br>BOND OUT (Officer Must Appear at Bond Hearing) | I fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes |
| ncy _____ Verified by ____ | | | |
| Swear that the above Statement is correct and true to the best of my wledge and belief | | Sworn to and subscribed before me, the undersigned authority, this _22_ day of _SEPTEMBER_ 19 91 | |
| ___ JONES ___ | | | |
| al Name (Print) | | | ☐ You need not appear in court, but must comply with the instructions on the |

M-E- GAPCES
OCT 27 1990

**COMPLAINT/ARREST AFFIDAVIT**

OBTS Number: 00003880123  ☑ Felony  ☐ Misdemeanor  ☐ Traffic  ☐ Juvenile  ☐ Warrant
Police Case No: 91938   5067666
Agency Code: 30
MDPD Records and ID No: 91-37052

DEFENDANT'S NAME: SALMON (Last) ALKA (First) NOEL (Middle)
DOB mo/day/yr: 06/14/67   Sex: M   Race: B   Height: 6'02   Weight: 170   Hair: BLK   Eyes: BRN

LOCAL ADDRESS: 777 N.W 156 LANE   MIAMI FL 33159
PERMANENT ADDRESS: SAME AS ABOVE
Address Source: ☑ Driver's License
Occupation: N/A   Place of Birth: JAMAICA
BUSINESS ADDRESS: N/A

DRIVER'S LICENSE NO: SA5501AG7214  State: FL
Social Security No: 120-6A-1860
Scars, Tattoos, Unique Physical Features: NONE OBSERVED
Arrest Location: DADE COUNTY JAIL CELL P6A1

Weapon Seized? Type: ☑ No
Arrest Date: 10/17/91   Arrest Time: ☐ A.M. ☐ P.M.
Citizenship: JAMAICAN
Residence Type: ☑ Dade
No. of Cases Cleared: 1
Influence of Drugs: ☑ No
Influence of Alcohol: ☑ No

CHARGES:
1. GRAND THEFT   Activity: N   Type: N   Counts: 1   Statute: 812.014(2)(c)(1)   Violation of Sect: 21-81-A
2. Petit Theft   Activity: N   Type: N   Counts: 5   Statute: 812.014(2)(d)   OCEL 91-51041   DADE

PROS. 90-38246
POSS MANS

BETWEEN 11-08-90 & 09-10-91 THE ABOVE NAMED DEFENDANT A FORMER PAN AM WORLD AIRWAYS EMPLOYEE (TERMINATED ON 09-22-90) WITHOUT THE VICTIM'S AUTHORIZATION & CONSENT ON SIX OCCASIONS FRAUDULENTLY & WITHOUT PAYING TRAVELED ON PAN AM FLIGHTS OR USED FLIGHT COUPONS TO WICH HE WAS NOT ENTITLED TO. THE DEFENDANT WAS POSITIVELY IDENTIFIED. ALL THE TRIPS TAKEN BY THE DEFENDANT WERE FOREIGN

PAGE 1 OF 2

Officer's Name (Print): P. JEAN-LOUIS
MDPD 2242 (74)

Sworn to and subscribed before me, the undersigned authority, this OCT __ 19 91
Sgt.

GOV-SALMON 000000614




COMPLAINT/ARREST AFFIDAVIT
CONTINUATION

| BTS.Number | ☑ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No | Police Case No. 506 766-L |
| --- | --- | --- | --- |
| S No | Agency Code 30 | Municipal P.D. Def. ID No | MDPD Records and ID No. | Court Case No. |

| DEFENDANT'S NAME Last ADDITIONAL CHARGES | First | Middle | Activity | Type | Counts | DOB mo day/yr | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ CIT # | VIOLATION OF SECT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| SALMON | ALRA | NOEL | | | | 06/14/67 | | | 21-81 A |
| | | | | | | | | | FOR THE CODE OF DADE |

TRAVEL, AND REQUIRED AS PROOF OF IDENTIFICATION HIS
JAMAICAN PASSPORT OR U.S. ALIEN CARD, AS REQUIRED
BY LAWS OR MANDATE.
   THE DEFENDANT BY HIS ACTIONS DEPRIVED THE VICTIM
OF THE SUM OF $1,367.00 BY ILLEGALLY USING THE
PAN AMERICAN FLIGHT COUPONS & TICKETS, THE DEFENDANT
PERMANENTLY DEPRIVED THE VICTIM OF THE ABOVE LISTED REVENUE.

PAGE 2 OF 2

| Hold for Other Agency | ☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing). | I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes |
| --- | --- | --- |
| Agency ___ Verified by ___ of my | | |
| I Swear that the above Statement is correct and true to the best of my knowledge and belief. | | |
| P. JEAN-LOUIS | Sworn to and subscribed before me, the undersigned authority, this ___ day of ___ 19 72 | You need not appear in court but must comply with the instructions on the reverse side hereof |
| Officer's Signature ___ 2342 (74) MPD | Sgt. Bynum Deputy of the Court or Notary Public | |

GOV-SALMON 000000615

COMPLAINT/ARREST AFFIDAVIT
CONTINUATION



| OBTS Number | ☑ Felony ☐ Misdemeanor ☐ Traffic<br>☐ Juvenile ☐ Warrant | Jail No.<br>91938 | Police Case No.<br>466554-L | |
| --- | --- | --- | --- | --- |
| DS No. | Agency Code<br>20 | Municipal P.D. Det. ID No. | MDPD Records and ID No. | Court Case No. |

| DEFENDANT'S NAME   Last        First        Middle | DOB mo/dy/yr | | VIOLATION OF SECT. |
| --- | --- | --- | --- |
| SALMON, ALRA NOEL | 06/14/67 | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PW ☐ CIT # | |

| ADDITIONAL CHARGES | Activity | Type | Counts | STATUTE | |
| --- | --- | --- | --- | --- | --- |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | OF THE CODE OF |

MR. R. JENNINGS OF PAN AM RESPONDED to THE
STATION, EXAMINED ABOVE DESCRIBED FLIGHT
COUPONS AND VERIFIED THAT THE ABOVE NAMED
DEFENDANT WAS NOT AUTHORIZED to USE THE
FLIGHT COUPON ON THIS DATE. AFTER MIRANDA
WARNING THE DEFENDANT ADMITTED to HAVING
DEFRAUDED PAN AM OF THE ABOVE AMOUNT.

DEF WAS ARRESTED & CHARGED WITH THE ABOVE
CHARGES, THEN TRANSPORTED to TGK.

PRE FILE CONFERENCE MADE FOR 09-30-91 (MON)
9:00AM W/ ASA SILVA BY M. JURAND.

STATE OF FLORIDA, COUNTY OF DADE

I CERTIFY that the foregoing is a true and correct copy of the
original on file in this office.   27 1996 AD 19

HARVEY RUVIN, Clerk of Circuit and County Courts

Deputy Clerk

☐ HOLD FOR BOND HEARING.
☐ BOND OUT (Officer Must Appear at Bond Hearing).

PAGE  2  of  2

I understand that should I wilfully fail to appear before the court as required by this notice to appear, that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

You need not appear in court, but must comply with the instructions on the reverse hereof.

Hold for Other Agency
Agency
Verified by

I Swear that the above Statement is correct and true to the best of my knowledge and belief

Officer Name (Print)   L.C. JONES

Officer Signature

Sworn to and subscribed before me, the undersigned
authority, this  22  day of
SEPTEMBER  19  91

Deputy or the Clerk of Notary Public

GOV-SALMON 000000540

COMPLAINT/ARREST AFFIDAVIT

91 SEP 23 AM 1: 11

| OBTS Number | ☐ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile | ☐ Warrant | Jail No. 91958 | Police Case No. 466554-L 03 |
|---|---|---|---|---|

| IDS No. 957754 | Agency Code 30 | Municipal P.D. Def. ID No. | MDPD Records and ID No | Court/Case No. 91-57041 |

DEFENDANT'S NAME  Last  First  Middle
SALMON, ALRA NOEL

| DOB mo/day/yr 06/14/67 | Sex M | Race B | Ethnic | Height 62 | Weight 170 | Hair BLK | Eyes BRN |

LOCAL ADDRESS  Street  City  State  Zip  Phone
777 N.W. 155 LANE MIAMI, FL 33169

Alias

PERMANENT ADDRESS  Street  City  State  Zip  Phone

Address Source ☑ Verbal ☐ Voter's I.D ☐ Driver's License ☐ Other

BUSINESS ADDRESS  Street  City  State  Zip  Phone

Occupation FLEET SERVICE

Place of Birth JAMAICA

| DRIVER'S LICENSE NO. S455-014-67-214 | State FL | Social Security No. 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 | Scars, Tattoos, Unique Physical Features NONE VISIBLE |

| Weapon Seized? Type ☐ Yes ☑ No | Arrest Date mo/day/yr 09/22/91 | Arrest Time 1030 ☑ P.M. | Arrest Location (include name of business) MIAMI INTERNATIONAL AIRPORT (U.S. IMMIGRA |

| No. of Cases Cleared | Influence of Drugs ☐ Yes ☐ No ☑ Unknown | Influence of Alcohol ☐ Yes ☐ No ☑ Unknown | Citizenship JAMAICAN | Residence Type ☐ City ☑ Dade ☐ Florida ☐ Out of State |

| CO-DEFENDANTS  Last  First  Middle | DOB mo/day/yr / / | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor |

| Last  First  Middle | DOB mo/day/yr / / | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor |

| CODE DRUG ACTIVITY | S. Sell B. Buy P. Possess | R. Smuggle D. Deliver T. Traffic | K. Dispense/ Distribute Z. Other | M. Manufacture/ Produce/ Cultivate | DRUG TYPE N. N/A A. Amphetamine | B. Barbiturate C. Cocaine E. Heroin | H. Hallucinogen M. Marijuana O. Opium/Deriv. | P. Paraphernalia/ Equipment S. Synthetic | U. Unknown Z. Other |

| CHARGES | Activity | Type | Counts | STATUTE | ☐ AC ☐ CAPIAS ☐ BW ☐ PW ☐ CIT | VIOLATION OF SECT |
|---|---|---|---|---|---|---|
| 1 Grand Theft | N | N | 1 | 812.014(2)(C)(1) | | 21,81(a) |
| 2 On Probation F90 38248 | | | | | | |
| 3 | | | | | | |

The undersigned certifies and swears that he has just and reasonable grounds ___ and does believe that the above named Defendant
On the 22ND day of SEPT. 19 91 At 5 ☐ A.M. ☑ P.M. (Time)   M.I.A. (U.S. IMMIGRATIONS) (Location, include name of business)

committed the following violation of law Narrative, (Be specific) THE ABOVE NAMED DEFENDANT ON THIS
DATE TRAVELED ON PAN AM FLIGHT 986 FROM KINGSTON
JAMAICA, HE USED A FRAUDULENTLY ISSUED FLIGHT COUPON
(026:4832:134:695) VALUED AT $403.00. INVESTIGATION
REVEALED THAT THE DEFENDANT WAS NO LONGER
EMPLOYED BY PAN AM (TERMINATED 09-21-90) AND WAS
NO LONGER ENTITLED TO BE IN POSSESSION OR TO USE
THE ABOVE LISTED FLIGHT COUPON.                    PAGE 1 OF 2

| Hold for Other Agency | HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing) | I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes. |
|---|---|---|

Agency ___ Verified by ___

I Swear that the above Statement is correct and true to the best of my knowledge and belief.

Sworn to and subscribed before me, the undersigned authority, this 22 day of SEPTEMBER 19 91

You need not appear in court, but must comply with the instructions on the reverse side hereof.

Officer's Name (Print) L.C. JONES

Officer's Signature

Deputy of the Court or Notary Public #3930

Department Name MDPD   Court I.D Number/Loc. Code 1999 (73)

Signature of Defendant / Juvenile and Parent or Guardian

32.02.00-9A

GOV-SALMON 000000598

**COMPLAINT/ARREST AFFIDAVIT**

J.L. DEVEAUX

Police Case No. 98548   476198-K

OBTS Number: 00038880123   90-38296

9517758  30

SALMON, ALRA NOEL

DOB: 06/14/67 13 M  6'1" 170 BLK BR

12441 NW 23 AV.  MIAMI FL. 33167

S/A Local

PAN AM Fleet Service M.I.A. MIAMI FL. 33159  874-3213  Occupation BAGGAGE HANDLER  Place of Birth MIAMI FL

S. 455-014-67-214  FL.  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

Arrest Date: 09/21/90  8.00 PM  Arrest Location: Lower concE U.S. CUSTOMS OFFICE

USA

**CHARGES**

POSSESSION OF MARIJUANA  1  893.13(1A2)  BW 188016C  77-81(A)  850

OF THE CODE OF DADE CO.

On the 21 day of Sept. 19 90 At 5:20 P.M.  M.I.A. FLT 484 conc E-6

△ was stopped By W-01 exiting The Rear of FLT 484 at E-6. △ was carrying a BLACK Plastic BAG containing 12 Bundles of MARIJUANA with a total wt of 20.3 LBS. W-01 contacted W-02, U.S. Customs agt. chance, who Took △ into custody. W-02 contacted M.D.P.D. This writer Responded & ARRESTED △. △ Transported To station #7 For PAPERWORK Then Transported To T.G.K.

Pre-file opt. For FRI 9-28 at 2 PM with ASA TONE, witnesses 1 & 2 Notified

DO NOT SUBPEONA OFFICER CICIONI

PAGE 1 OF 1

CICIONI, DON  MDPD 3296 (73)

COURT COPY

GOV-SALMON 000000254

Alra n. salmon
275 oakview ave
oceanside. NY 11572

November 3, 2014

Dear Alra n. salmon,

A search of CBP databases produced records responsive to your Freedom of Information Act (FOIA) request CBP-2014-022452.

CBP has determined that the responsive records are partially releasable, pursuant to Title 5 U.S.C. §552 and have applied the appropriate exemptions.

You have a right to appeal our withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 60 days of the date of this letter, to:  FOIA Appeals, Policy and Litigation Branch, U.S. Customs and Border Protection, 90 K Street, NE, 10th Floor, Washington, DC 20229-1177, following the procedures outlined in the DHS regulations at Title 6 C.F.R. §5.9.  Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call (877) 684-6448.

Please notate file number CBP-2014-022452 on any future correspondence to CBP related to this request.

Thank You

FOIA Division



Hillsborough County
Sheriff's Office

## Request for Proposals (RFP)
### RFP # 20-10

Implementation and Delivery of an

# Automated Fingerprint Identification System (AFIS)

## AFIS Requirements Specification

### Version 1
### June 28, 2010



OBTS #
Explains how
this # came
about.

*Hillsborough County Sheriff's Office*                    *AFIS Requirements Specification*

2) For an individual person, the facial photo record associated with each and every criminal arrest/booking transaction will be stored in the Master Identification Record Archive and utilized in the system.

3) For an individual criminal registrant, the facial photo record which is associated with every state registration transaction will be stored in the Master Identification Record Archive; the most recent facial photo shall be utilized in the system for automated identification and investigation functions. These records will be <u>in addition to</u> any photo records associated with criminal arrest/booking transactions.

4) Facial photographs will not be collected for HCSO employees and employment applicants.

e) **<u>Scars, Marks and Tattoos (SMT) photographs</u>** will be collected and maintained in the system for all adult and juvenile arrest/booking transactions (felonies and misdemeanors) and for criminal registrants.

1) Each SMT record may contain any number of SMT photos (for storage sizing purposes, the aggregate average is 5 SMT images per individual).

2) The SMT photos that are associated with each adult and juvenile criminal arrest/booking transaction will be stored in the Master Identification Record Archive and utilized in the system.

3) In association with any quarterly Registration update transaction, additional SMT photos for an individual may be captured and added to individual's SMT record.

4) SMT photographs will not be collected for HCSO employees and employment applicants.

## 2.4.2 Record Index Numbers

1) HCSO currently utilizes various index numbers for managing records information associated with law enforcement operations, including:

- The **SOID#** (Sheriff's Office ID Number), a person identifier index number, provides a unique reference to all of the records associated with a given individual. Assignment of the SOID number occurs after an AFIS check is performed to identify recidivists and determine if the individual has an existing SOID. If an AFIS identification check finds no matching records, a name check of JAMS records is also performed to determine if the individual has an old arrest record for which the fingerprints have not been added to AFIS. If the HCSO ID Section determines that the individual is new to the system and does not have an existing SOID, a new SOID is automatically generated and assigned by JAMS.

  The HCSO SOID# is 8 digits, numeric. Numeric SOID numbers refer to Adult criminal, registrant, employee and applicant records. A single-character "J" prefix is used with SOID numbers to identify juveniles.

- The **OBTS#** (Offender-Based Tracking System Number) is a State standard transaction control number that is automatically generated by a live-scan device for each fingerprint-bearing record generation transaction associated with a criminal booking or registration transaction. OBTS number for

---

a criminal or registrant record is a ten (10) digit number with the first four numbers identifying the livescan machine and the remaining six numbers increment sequentially. Applicant OBTS numbers are seventeen (17) characters alphanumeric, with the first seven (7) letters/numbers identifying the livescan and county agency and the last ten (10) digits are sequential, enabling differentiation of different types of record generation transactions.

- The **Booking Number** is assigned by the HCSO JAMS system as an internal inmate management record tracking number associated with a specific pre-trial or sentenced incarceration in the County Jail. The Booking number is eight (8) digits (YY123456) - a 2-digit year and a 6-digit sequential number.

2) The new HCSO AFIS will automatically generate and use two primary index numbers for managing tenprint, palmprint and mugshot/SMT identification records in the AFIS and Archive:

- The AFIS KEY # will be assigned and used internally by AFIS to provide a unique reference to all of the records in the database for a given individual.

- The Transaction Control Number "TCN" will be assigned and used by AFIS to provide a reference to a specific record capture transaction (adult or juvenile arrest, criminal registration, HCSO employee enrollment/update and employment applications).

3) Each tenprint, palmprint and mugshot/SMT record stored in the on-line databases and the AFIS Archive will contain a Transaction Control Number (TCN) that associates the record with a specific arrest or registration transaction.

4) In general, the existence of an existing AFIS KEY # for an individual is not known at the time that a record is created, but is determined and assigned to the record during AFIS processing.

5) If it is determined that an individual who is the subject of an identification transaction does not have an existing record in the system, the AFIS will automatically assign a new AFIS KEY #.

6) The new AFIS shall maintain a master cross-reference table that provides the associations of the AFIS primary index numbers with each of the agency-specific index numbers (SOID, Booking #, etc.) used in HCSO operations.

## 2.4.3 Sealing

1) The system shall enable an authorized operator to mark a specific record set (fingerprints and palmprints associated with a specific transaction) as "sealed" in response to a sealing order received from a court.

2) When a sealing order is received, a complete hardcopy of the sealed record is generated and the Sealed record is purged from the AFIS system on-line and Archive databases.

3) It shall not be necessary to replace fingerprints in a composite tenprint fingerprint identification record used internally by the AFIS for identification matching if one or

TRULINCS  01815265 - SALMON, ALRA - Unit: BRO-I-C

----------------------------------------------------------------------------------------------------

and the State of Florida had engaged in to abuse their power and violate my constitutional rights.  The effect of the above has been to reactivate my previous marijuana possession charge - turning it into a felony.  As a result I have suffered numerous side effects as I am sure you can imagine.  I have had license's/passport revoked, been held in custody and I have missed out on the birth of my son and first child.

Your Honor, this incident has plagued my life for the past 21 years, it has crept up time and again causing much distress to my family and myself.  It has been a constant source of stress and hardship and I hope that you will see the injustice that I have suffered. I respectfully request your Honor to direct and investigation of the conduct of the immigration officer, US Government and the State Of Florida - all of whom have neglected my rights for due process and neglected to perform the necessary  due diligence.  I humbly request your Honor to allow me to be released on Bond until such an investigation can commence.

Best Regards

Salmon Alra

15:49        SIGNIFICANT ENFORCEMENT ACTIVITY REPORT        121214 ▓▓▓▓
▓▓▓▓              SEAR (PAGE 4 OF 4) - SUMMARY
PORT: MIAMI INTL ARPT                              SEAR #: ▓▓▓▓
                              SUMMARY
ON 092190 AT APPROXIMATELY 1720 HRS A CALL WAS RECEIVED FROM ▓▓▓▓▓▓
▓▓▓▓▓ STATING THAT A PAN AM EMPLOYEE WAS BEING DETAINED FOR REMOVING
SEVERAL PACKAGES FROM AN INTERNATIONAL FLIGHT. ▓▓▓▓▓ RESPONDED.
EXAMINATION OF A LARGE  PLASTIC GARBAGE BAG REVEALED 12 PACKAGES. PROBING
PRODUCED A GREEN LEAFY SUBSTANCE WHICH WHEN FIELD TESTED PROVED POSITIVE FOR
MARIJUANA. SUBJECT WAS PLACED UNDER ARREST AND TRANSPORTED TO THE CUSTOMS
ENCLOSURE. SUBJECT WAS ADVISED OF HIS LEGAL RIGHTS. SUBJECT SIGNED WAIVER.
▓▓▓▓▓       ▓▓▓▓▓ WHO HAD INTIALLY STOPPED SUBJECT ACCOMPANIED ▓▓
▓▓▓▓ TO THE CUSTOMS ENCLOSURE AND GAVE A WRITTEN STATEMENT AS TO THE INCIDENT
TOTAL WEIGHT OF THE MARIJUANA IS 20.3 PDS. SUBJECT AND CONTRABAND WERE TOT
OFFICER ▓▓▓▓ OF THE MDPD AT 2030 HRS.


LAST PAGE OF NARRATIVE
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
      ▓▓▓▓▓▓▓▓▓▓

15:49      SIGNIFICANT ENFORCEMENT ACTIVITY REPORT   121214 (b)(7)(E)
SEAR (PAGE 2 OF 4)
(b)(6) (b)(7)(C)

PORT: MIAMI INTL ARPT           SEAR #: (b)(7)(E)

SUBJECT # 01 ON VIOLATOR REPORT # 01 OF TOTAL # OF 01 VIOLATORS FOR INCIDENT
LAST NAME SALMON                        TYPE: P
FIRST NAME ALRA        MIDDLE NAME NOEL
STREET 12441 NW 23 AVE             APT/STE
CITY MIAMI                  ST FL  CTRY US  ZIP 33159
DOB      CITIZEN      POB CTRY    ST    CITY
WARRANT #          ORI #
RELATIONSHIP TO INCIDENT: VVV PRIMARY VIOLATOR        X FOR MORE:



```
       15:49           SIGNIFICANT ENFORCEMENT ACTIVITY REPORT      121214 ██████
██████ ██████                        SEAR (PAGE 3 OF 4)                    ██████
```

PORT: MIAMI INTL ARPT                               SEAR #: ██████ ██████

                        OFFICER NAME (LAST/FIRST) TITLE - AGENCY
DISCOVERING:    ██████ ██████ -I-CUSTOMS
SEIZING:        ██████ ██████ -CUSTOMS INSPECTOR-C
ARRESTING:      ██████ -CUSTOMS INSPECTOR-C
CASE OFFICER:
PARTICIPATING:

NOTIFICATION/OFFICER INVOLVED:  OFFICER ██████ ██████ MDPD
   TIME NOTIFIED:  1930      TIME ARRIVED: 1950
ACTION TAKEN:  RESPONDED AND TOOK CUSTODY
PUBLICITY INSTRUCTIONS:    NONE
CONTRIBUTING INFO: ██████ ████████████████████████████
██████

OFFICER AUTHORIZING SEAR:  PHONE: ██████ ██████
   NAME-TITLE-AGENCY ██████ ██████ -SUP CUST INSPECTOR-C

██████ ████████████████████████████████████████
            ██████████

15:49 ▓▓▓▓ SIGNIFICANT ENFORCEMENT ACTIVITY REPORT   121214  ▓▓▓▓
(b)(6) (b)(7)(C)                SEAR (PAGE 1 OF 4)

PORT: MIAMI INTL ARPT                           SEAR #: ▓▓▓▓

TOPIC: PAN AM EMPLOYEE IN POSSESSION OF MARIJUANA
PORT: 5206      OFFICE:       PLACE OF INCIDENT: MIAMI INTERNATIONAL AIRPORT
DATE  OF INCIDENT: 09211990    TIME OF INCIDENT:   1730
INC #: ▓▓▓▓          CASE #:
SEAR QUALIFICATION(S):
   MVM    EXD   X DSM    WPN    CUR    UCS    SPC    CSA    OAC    OSA
RELATED SEAR #'S:

REASON FOR AMENDMENT:

SEIZED ITEM(S):
ITEM #: 001   SEIZED FROM VIOL #: 01   OF TOTAL # OF 01 VIOLATORS IN INCIDENT
   CATEGORY CODE:         DESC: MARIJUANA
   COMM/CD: MAR           QTY:        20.30 UM:  PD FDIN:
   DOMESTIC VALUE:        0 CNTRY OF ORIGIN: JM CONCEAL:  H OTHER BAG ▓▓▓▓

```
11:32          SEACATS S/A/S DISPLAY - SEIZED ITEM, DRG      10292014 ███████
███████████                              DRUGS   001
INCIDENT#: ████████         VIOL NAME: SALMON, ALRA  NOEL

001 DESC:  MARIJUANA
     CATEGORY CODE: DRG  PROPERTY TYPE:  MAR
     QTY:            20.30   UM:  PD
     FDIN:
     WEIGHT DETERMINATION CODE: S
     NBR OF PACKAGES:            0 PKG TYPE:
     COUNTRY OF ORIGIN: JM JAMAICA
                 EXPORT: JM JAMAICA
          DESTINATION: US UNITED STATES
     CONCEALMENT CODE:  ██ SECRET COMPARTMENT:
     CONCEALED WITHIN COMMODITY CODE:
     LEGAL STATUS:  SF PHYSICAL STATUS:  TO CUSTODIAN: ████ ID: ████
     STORAGE:       ACCEPT DATE:            TO CUSTODIAN:


     FP F CASE NBR: 199052060215501              LAST SEQUENTIAL LINE ITEM
```

███████



```
11:32              SEACATS S/A/S SHORT/LONG SUMMARY INFO          10292014 ▮
▮                                         FPF CASE NBR: 1990520600215501    ▮
FISCAL YEAR:* 1990 TYPE:* SA CONTROL NBR: ▮     VIOLATOR NBR: 01 TOTAL: 01
TOPIC:* PAN AM EMPLOYEE IN POSSESSION OF MARIJUANA
VIOLATOR BUSINESS NAME:
  ID#:            TYPE:  CTZNSHP: JM DOB: 06141967 SEX: M RACE: B
VIOLATOR LAST NAME: SALMON                              HISPANIC:
       FIRST NAME: ALRA            MIDDLE NAME: NOEL
       STREET:* 12441 NW 23 AVE                    APT/SUITE:
       CITY:* MIAMI              ST: FL CNTRY:* US ZIP: 331590000
PERSONAL SEARCH: 09211990 1735 ARREST/IND: 09211990 1740 SEIZURE: 09211990 1730
       OI CSE#:
CONTRIBUTING INFO:* ▮
PORT:* 5206              NAME-TITLE-AGENCY                      USERID
DECLARATION TKN BY:
ARRSG OFC: ▮      -CUSTOMS              CASE AGENT:
SEIZING OFFICER   : ▮     -CUSTOMS INSPECTOR-C
SUPERVISOR        :* ▮    -SUP CUST INSPECTOR-C
DISTRICT DIRECTOR :         D. LYNN GORDON
CONVEYANCE TYP:* C  INCIDENT CTGY:* ▮    SCIP?:     QRY NTFY?: ▮
** INCIDENT IS APPROVED - 09/26/1990, FP P CASE ACCEPTED **
▮
```

```
     11:32          TECS II - PERSON SUBJECT DISPLAY (4 OF 4)    102914  (b)(7)(E)
(b)(6) (b)(7)(C)
TECS RECORD ID (b)(7)(E)                           ENTRY 092190 UPDATE 071498
RECEIPT #                 ALIEN #
    ISSUE #    ISSUE TYPE   CARD STATUS                              MORE
```



```
     11:32        TECS II - PERSON SUBJECT DISPLAY (3 OF 4)    102914   (b)(7)(E)
(b)(6) (b)(7)(C)
TECS RECORD ID (b)(7)(E)                                 ENTRY 092190 UPDATE 071498
BAGGAGE DEC-     DATE          TIME       SITE
(CF6059)    INSPECTOR                                                        MORE

FINANCIAL- INSTITUTION
INFO           BRANCH
         ACCOUNT TYPE              ACCOUNT NUMBER
             FIN ID                      DATE                                MORE

EMPLOYMENT- OCCUPATION RAMP SERVICE              DATE
          POSITION BAGGAGE HANDLER             STATUS
          EMPLOYER PAN AMERICAN AIRLINES          EIN
          STREET
          CITY                          STATE    CNTRY
          ZIP            PHONE                                               MORE

PILOT'S-        NUMBER               RATING     CNTRY
LICENSE     FAA REGION      ISSUE DATE      AIRMAN'S CERT
         MEDICAL CERT    MEDICAL CERT DATE                                   MORE
```

```
     11:32          TECS II - PERSON SUBJECT DISPLAY (2 OF 4)    102914    ████
████                                                                       ████
TECS RECORD ID ████                              ENTRY 092190 UPDATE 071498
DRIVER'S LICENSE- NUMBER 545501467214          STATE FL CNTRY US TYPE I
   ISSUED        EXPIRES        RESTRICTIONS
   STATUS                                                            MORE

PHONE NBR-            INTL PREFIX      TYPE    DATE                   MORE
   MISC NBR-                       TYPE                               MORE
ALT COMMUNICATION                                        TYPE        MORE
CRIMINAL AFFILIATION                               DATE              MORE
FINGERPRINT CLASS- RIGHT                LEFT

   SPOUSE-    LAST                                                    MORE
              FIRST                     MID

WARRANT-   OFFENSE TYPE              DATE          AGENCY
           WARRANT TYPE              DATE          NUMBER
           CITY                      STATE                           MORE
████
```



```
      11:32          TECS II - PERSON SUBJECT DISPLAY (1 OF 4)    102914
TECS RECORD IS                              ENTRY 092190 UPDATE 071498
NAME- LAST SALMON                           PHYSICAL IDENTIFIERS
FIRST ALRA           MID NOEL       HISPANIC   RACE B SEX M HAIR BK EYES BR
       IMAGE         ALIAS M NICKNAME    STG    HT 601    WT 170     ENGLSH
PERSONAL-                                      S/M/T                 MORE
  DOB 06141967   POB- CNTRY JM ST    CITY MANCHESTER       CTZN JM MORE
  SSN 120641860 MORE    AFN       MORE   RES      EXC/SITE         MORE
  PPN            TYPE   CNTRY    ISSDT          EXPDT             MORE
ADDRESS- DATE 092190    STREET 12441 NW 23 AVE              APT
  CITY MIAMI              STATE FL CNTRY US ZIP 33159 TYPE     MORE M
CONTACT-                            PHONE
  OWNER                             CASE NBR                   MORE M
PRIMARY                        START          STOP         QRY NTFY 1
  STATUS                                                      MORE M
REMARKS- DATE 092190
SUBJECT WAS ARRESTED WHILE REMOVING 20 PDS. MARIJUANA FROM INSIDE AIRCRAFT
ARRIVING FROM JAMAICA

SUB-REC 1.
```

```
11:32:02            IO95 Inspection Results              102914 ███████
████████ A524 CBP-MIAMI, AIRP
FLT/VES#: JM  27       AIR JAMAICA
         DOCTYP*: A   #*: 37462757   CTRY*:                    ST:   M/F:
DNAME(LAST): SALMON                   FRST: ALRA            DOB: 061467
RFRD BY: ███████████-CBP OFFCR-C               DTE: 09301990 TME: 2140
REASON:                                                            CCD:
JAMAICA
TM 212(A)(28)  SSNQ 120 64 1860
SNAME(LAST):                          FRST:                 DOB:
NATIONALITY:   JM  JAMAICA
DISP: LPR LAWFUL PERMANENT RESIDENT    RC#T#:               RCDATE:
CHARGE (CODED):
DFRD TO:                                          FIN#:
SEC OFCR: █████████-CHIEF INSPECTOR-C    09/30/1990 22:04 IOEM#:
REFR CDE:
COMMENTS: VIOLS:
████████
```

```
WHTI CMPLNT?              ADDL COMMTS:   ███████
█████████████████████████████████████████████████
```

U.S. Department of Homeland Security
Washington, DC 20229



U.S. Customs and
Border Protection

DEC 15 2014

DIS-3-RR:RDL:FAPL
2015A008953  GOB

Michael H. Grey, Esq.
Grey Law Firm, LLC
PO Box 52834
New Orleans, LA  70152

RE:    Freedom of Information Act Appeal; CBP-2014-022452

Dear Mr. Grey:

        This letter is in response to your submission of November 17, 2014 that
appeals the response of the U.S. Customs and Border Protection ("CBP") FOIA
Division to the Freedom of Information Act ("FOIA") request made by you on
behalf of Alra Salmon, (date of birth: June 14, 1967).  This office received your
submission on December 5, 2014.

Your FOIA Request

        In response to your request, on November 3, 2014 the CBP  FOIA
Division released to you 46 pages of records with redactions made pursuant to
Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA.  5 U.S.C. § 552
(b)(3), (b)(6), (b)(7)(C), and (b)(7)(E).

Your FOIA Appeal

        In your submission of November 17, 2014, you request that the
information redacted in the 46 released pages be released, i.e., that the
redactions be removed.

        We have reviewed all of the redactions in the previously-released
records.  We find that the large majority of the redactions were appropriately
made.  There is certain information in seven of the pages that may be released.
We hereby release to you seven pages of the previously-released records with
fewer redactions than before, i.e., we are providing you and your client with more
information on these seven pages.  These seven pages contain redactions made
pursuant to Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA.  Most
of the redacted information in all 46 previously-released pages consists of
computer codes or similar information which we do not believe would be of any
assistance to you or your client.   This information is redacted pursuant to

Exemption 7(e) because it is possible that a highly-skilled computer professional could use these codes for an illegal purpose.

Additionally, we attempted to locate the seizure file from 1991 but were advised that it has been destroyed in accordance with record disposition requirements. However, we have found four additional pages of records and we hereby release them to you with redactions made pursuant to Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).

Information Redacted pursuant to Exemption (b)(3)

Certain information in the records now released was redacted pursuant to Exemption (b)(3) of the FOIA.  This exemption protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.  Exemption (b)(3) is asserted on behalf of the Transportation Security Administration ("TSA") to protect Sensitive Security Information ("SSI").  Title 49 U.S.C. § 114(r) prohibits the disclosure of information that "would be detrimental to the security of transportation" if released.  The TSA regulations implementing Section 114(r) are found in 49 CFR Part 1520.  Pursuant to 49 CFR Section 1520.5(b)(9)(i), security screening procedures, including selection criteria for the screening of persons, is SSI and is therefore exempt from disclosure.

Information Redacted pursuant to Exemptions (b)(6) and (b)(7)(C)

Certain information in the records now released was redacted pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA.  These exemptions both relate to protecting personal privacy and have been invoked here only to protect the identity of CBP employees.  Under the FOIA, privacy encompasses the "individual's control of information concerning his or her person." *Department of Justice v. Reporters Committee for the Press*, 489 U.S. 749, 763 (1989). Exemption (b)(6) protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Exemption (b)(7)(C) excludes records and information compiled for law enforcement purposes, but only to the extent that the production of such materials "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).

To determine whether this information ought to be withheld under either exemption, an agency must balance the privacy interests involved against the public interest in disclosure.  *Department of Justice v. Reporters Comm. for Freedom of the Press, supra* at 762.  In this case, both Exemptions (b)(6) and (b)(7)(C) are asserted to protect the identity of a CBP employees and other individuals.  A primary consideration is to protect CBP employees (and other

individuals) from unnecessary "harassment and annoyance in the conduct of their official duties and in their private lives," which could conceivably result from the public disclosure of their identity. *Nix v. U.S.*, 572 F. 2d 998, 1006 (4th Cir. 1978).

As a threshold requirement, Exemption (b)(6) can only be applied to "personnel and medical and similar files." However, the range of documents falling within these categories is interpreted broadly so as to include all government records "which can be identified as applying to that individual." *Department of State v. Washington Post*, 456 U.S. 595, 602 (1982) (quoting H.R. Rep. No. 1497, 89th Cong., 2nd Sess., 11 (1966)). Once this threshold is met, the issue becomes whether disclosure of the information at issue "would constitute a clearly unwarranted invasion of personal privacy" (*Department of the Air Force v. Rose*, 425 U.S. 352, 373 (1976)), an undertaking that requires balancing the privacy interests of the individual or individuals against the public interest in disclosure. That balance may be properly struck where "personal references or other identifying information [are] deleted." *Id.* at 380.

Once it has been determined that there is a substantial privacy interest under Exemption (b)(6), it is necessary to assess the public interest in disclosure. In *Reporters Committee, supra* at 773, the Supreme Court limited the concept of public interest under the FOIA to the "core purpose" for which Congress enacted it: to "shed light on an agency's performance of its statutory duties." The Supreme Court repeatedly has stressed that information that does not directly reveal the operations or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Reporters Committee, supra* at 775; *Bibles v. Oregon Natural Desert Ass'n*, 519 U.S. 355, 355-56 (1997); *DOD v. FLRA*, 510 U.S. 487, 497 (1994).

We find that the information redacted pursuant to Exemption (b)(6) is properly exempt from disclosure because there is a significant privacy interest on the part of the subject individuals and there is little, if any, public interest in disclosure.

Although the protections available under exemption (b)(7)(C) are not the same as exemption (b)(6),[1] the analysis is similar in that it requires the balancing of the privacy interests involved against the public interest in disclosure. *Lewis v. Department of Justice*, 609 F. Supp. 2d 80, 84 (D.D.C. 2009). However, because exemption (b)(7)(C) contains broader protections than exemption (b)(6), the two exemptions differ in the "magnitude of the public interest that is required"

---

[1] Exemption (b)(7)(C)'s privacy language is broader than the comparable language in Exemption (b)(6) in two respects. First, whereas Exemption (b)(6) requires that the invasion of privacy be "clearly unwarranted," the adverb "clearly" is omitted from exemption (b)(7)(C). Second, whereas Exemption 6 refers to disclosures that "would constitute" an invasion of privacy, Exemption (b)(7)(C) encompasses any disclosure that "could reasonably be expected to constitute" such an invasion. *Reporters Committee, supra* at 762.

4

to overcome the privacy interests involved, with an extra weight in favor of redaction once exemption (b)(7)(C) privacy issues are implicated. *Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 496 n. 6 (1994).

Similar to exemption (b)(6), exemption (b)(7)(C) has also been found to protect the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses, and informants. *Lewis, supra* at 84. *See also Roth v. Department of Justice*, 2011 U.S. App. LEXIS 13124 (D.C. Cir. June 28, 2011) ("We have long recognized the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.   [N]ot only the targets of law-enforcement investigations, but also 'witnesses, informants, and … investigating agents' have a 'substantial interest' in ensuring that their relationship to the investigations remains secret.") (Internal citations omitted.)   The privacy interest at play under Exemption (b)(7)(C) in protecting the third party information located in law enforcement documents is so strong, though, that courts have found that such information is "categorically exempt" from production "unless access to the names and addresses of private individuals … is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard Services, Inc. v. U.S. Securities & Exchange Commission*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

Once the threshold requirement that the information found in "law enforcement" records is met[2] and the privacy interests in Exemption (b)(7)(C) are triggered, the burden shifts to the requester to show government misconduct. *National Archives & Records Administration v. Favish*, 541 U.S. 157, 172 (2004). The showing must be "more than a bare suspicion" of official misconduct – it must "warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."   *Id.* at 174.   Otherwise, the balancing requirement does not come into play.  *Boyd v. Department of Justice,* 475 F.3d 381, 388 (D.C. Cir. 2007).

We find that the information redacted pursuant to Exemption (b)(7)(C) is properly exempt from disclosure because such information is in a law enforcement record, there is a significant privacy interest on the part of the subject individuals, and there is no indication of government misconduct.

---

[2] It is well established that CBP has a law enforcement mandate. *Coastal Delivery Corporation v. U.S. Customs Service*, 272 F. Supp. 958, 963 (C.D. Cal. 2003).  The records in this case were compiled for the purpose of enforcing this nation's immigration laws.

Information Redacted pursuant to Exemption (b)(7)(E)

Certain information in the records now released was redacted pursuant to Exemption (b)(7)(E). Exemption (b)(7)(E) exempts from disclosure information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. *See Fisher v. U.S. Department of Justice*, 772 F. Supp. 7 (D.D.C. 1991) (explicitly recognizing categorical protection for law enforcement techniques and procedures), *aff'd* 968 F.2d 92 (1992); and *Hammes v. U.S. Customs Service*, 1994 WL 693717 (unreported case) *(S.D.N.Y.)* (protecting criteria used to determine which passengers to stop and examine). Thus, where the agency has a clear law enforcement mandate, it only need establish a rational nexus between enforcement of a federal law and the information withheld based on Exemption (b)(7). *See Coastal Delivery Corporation v. U.S. Customs Service*, 272 F. Supp. 2d 958, 963 (C.D. Cal. 2003); *Pons v. U.S. Customs Service*, 1998 U.S. Dist. LEXIS 6084 (unreported case) (D.D.C. 1998) (protecting cooperative arrangements between the Customs Service and other law enforcement agencies in order to keep them effective); and *Judicial Watch, Inc. v. FBI*, 2001 U.S. Dist. LEXIS 25732 (unreported case) (D.D.C. 2001) (protecting the "identities of two types of [FBI] records concerning prison inmates," the release of which would enable inmates "to alter their activities[,] thus hindering the effectiveness of this technique.").

In this matter, certain information in the records now released has been redacted in order to protect CBP's methods for categorizing, navigating, and/or identifying law enforcement records. Accordingly, the information redacted pursuant to Exemption (b)(7)(E) on the records is properly withheld from disclosure.

The FOIA (5 U.S.C. § 552(a)(4)(B)) provides you with the opportunity to seek judicial review of this administrative appeal. You may institute judicial review in the U.S. District Court in the district in which you reside, have a principal place of business, where the agency records are located, or in the U.S. District Court for the District of Columbia.

Alternatively, the Office of Government Information Services ("OGIS") offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using the OGIS does not affect your right to pursue litigation. If you are requesting access to your own records, which is considered a Privacy Act request, you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact the OGIS, you may do so in the following ways: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, Room 2510, College Park, MD

6

20740-6001; by email - ogis@nara.gov; by telephone – 202-741-5770; or by facsimile – 202-741-5769.

Sincerely,

Shari Suzuki, Chief
FOIA Appeals, Policy, and Litigation Branch
Regulations & Rulings
Office of International Trade

Enclosures

April 2nd, 2012

Captain Craig James
Pinnacle Airlines, DBA Delta Connection
3229 Night Breeze Ln
Lake Mary, FL 32746

To Whom It May Concern:

I'm writing this letter on behalf of, and in reference to Mr. Aira Salmon.
To be specific, I'm writing to clarify whether Mr. Salmon would have been able to travel internationally or otherwise with just a non revenue travel coupon.

I've had the opportunity to examine the non revenue ticket with which Mr. Salmon is alleged to have travelled solely with. In my more than ten years experience of working in the transportation industry and travelling myself, I can unequivocally state that it is against numerous airline industry policies to allow boarding to a commercial aircraft without an accompanying boarding pass.

In closing, please feel free to contact me with any further questions in reference to this matter at 407-252-2691.

Sincerely,

Captain Craig James

**Suzann Feldman UEP**

| | |
|---|---|
| **From:** | Suzann Feldman <suzann0201@gmail.com> |
| **Sent:** | Wednesday, June 15, 2016 2:15 PM |
| **To:** | Suzann Feldman UEP |
| **Subject:** | Fwd: Manual |

Go

Sent from my iPhone

Begin forwarded message:

**From:** "M. Kelly Cusack" <pa115@aol.com>
**Date:** November 4, 2011 at 10:26:05 AM EDT
**To:** suzann0201@gmail.com
**Subject: Re: Manual**

Wow,
So sorry to hear your friend is having a protracted legal battle so many years after the demise of Pan Am. The employee self-write tickets were used for both domestic and International travel. There was no difference as Pan Am flew to more international locations than domestic.

I don't have any used flight coupons. I can tell you that the used coupons were stamped with a round ink stamp that said "Pan Am Used" carried by all agents. This was done for both revenue and free ticket. Once stamped the coupons were submitted to Pan Am's accounting offices in Rockleigh, NJ for further processing. This was the case for tickets from all over the world...they were all sent to Rockleigh.

However, if a flight went mechanical or was canceled last minute for another reason it was not uncommon for customers to be given back the flight coupon, with the Pan Am Used stamp on it and the customer would then be directed to another flight with the understanding that the gate agent would accept the coupon in spite of the used stamp. Should the customer decide they were too tired to continue traveling they might go home and request a refund for the "used" ticket. Generally speaking if a customer was in possession of a flight coupon it was considered un-used regardless of the stamp.

Hope this helps.

Kelly

M. Kelly Cusack

www.EverythingPanAm.com

5910 Wiltshire Dr.
Bethesda, MD 20816
Cell: (917) 817-3609
E-mail: pa115@aol.com

-----Original Message-----
From: Suzann Feldman <suzann0201@gmail.com>
To: pa115 <pa115@aol.com>
Sent: Fri, Nov 4, 2011 5:50 am
Subject: Manual

In 1990 my friend worked for pan am

1

He had a coupon to travel in his briefcase but was not using it the
immigration
agent confiscated the ticket and signed it as if my friend was using it and
had
him arrested he was given probation years later due to other circumstances he
was arrested and falsely charged with a felony which he is now fighting
I have one more question hope you can help
How long are employee tickets good for cause according to the ticket he had
it
was expired and immigration insisted he was trying to use it. Also are you
able
to use it for an international flight
Is it possible to get a copy of a used coupon??
Thanks for your help
Suzann Feldman

Sent from my iPhone



**Suzann Feldman UEP**

| | |
|---|---|
| **From:** | Suzann Feldman <suzann0201@gmail.com> |
| **Sent:** | Wednesday, June 15, 2016 2:20 PM |
| **To:** | Suzann Feldman UEP |
| **Subject:** | Fwd: Manual |

Sent from my iPhone

Begin forwarded message:

**From:** "M. Kelly Cusack" <pa115@aol.com>
**Date:** November 14, 2011 at 7:37:13 PM EST
**To:** suzann0201@gmail.com
**Subject: Re: Manual**

Hi Suzann,
The image you sent is the type of employee ticket in use during the time period you're researching. You can see the employee's ID card embossed in the lower right quadrant. The ticket coupon would indicate an intention to fly from KIN (Kingston, Jamaica) to MIA, (Miami, FL). In theory the flight coupon should have been pulled when the employee was given a boarding pass. As you're probably aware employees travel standby and are called just before the flight departs. It's possible that an inattentive gate agent may have failed to pull the coupon but it should have been done.

Kelly

M. Kelly Cusack

www.EverythingPanAm.com

5910 Wiltshire Dr.
Bethesda, MD 20816
Cell: (917) 817-3609
E-mail: pa115@aol.com

-----Original Message-----
From: Suzann Feldman <suzann0201@gmail.com>
To: pa115 <pa115@aol.com>
Sent: Mon, Nov 14, 2011 2:27 pm
Subject: Manual

Hi
All the info you have given has been a great help. Please see the attached
ticket would this be able to be used and if so would the person still have it
in
their possession after the flight.
Thanks again
Suzann Feldman

Sent from my iPhone

1

# GREY

## LAW FIRM, LLC

### Michael H. Grey, Jr., Attorney

Phone:  (504) 457-8402
Fax:      (504) 224-9227

PO Box 52834
New Orleans, LA 70152

August 5, 2014

U.S. Customs and Border Protection
Attention: FOIA Department
1300 Pennsylvania Ave. NW
Washington, DC 20229

**Re: CBP-2014-001516 FOIA Request**

To whom it may concern,

I'm writing this letter on the behalf of my client, Alra Salmon. Mr. Salmon filed the above-mentioned FOIA request on 10/25/2013 and it was due 1/2/2014. As of this date, this request is still labeled as "under agency review." This request is 7 months overdue and we would appreciate a better assessment on when this request will be completed since these records are vital to resolving Mr. Salmon's ongoing legal issues.

Please contact me with any questions or concerns at (504) 457-8402 or email me at mgrey@grey-llc.com. I would appreciate any assistance on the matter.

Sincerely,

Michael H. Grey, Jr.
**Grey Law Firm, LLC**
mgrey@grey-llc.com

1

MIAMI-DADE COUNTY, FLORIDA



**MIAMI-DADE POLICE DEPARTMENT**
Professional Compliance Bureau
18805 NW 27 Avenue
Miami Gardens, Florida 33056-3154
T 305-627-7100 F305-627-7127

miamidade.gov

October 18, 2013

Dear Mr. Salmon:

We are in receipt of your recent letter of complaint against members of the Miami-Dade Police Department.

A review of your correspondence indicates that your complaint does not meet the criteria for an Internal Affairs investigation. It is recommended that you address your concerns with an attorney or through the court system. Your concerns will be documented in Contact Report number 2013-0347.

Thank you for bringing this matter to our attention.

Sincerely,
Alice Hixon
Sergeant



11:32          TECS II – PERSON SUBJECT DISPLAY (4 OF 4)    102914

TECS RECORD ID                                    ENTRY          UPDATE
RECEIPT #                             ALIEN #
     ISSUE #      ISSUE TYPE    CARD STATUS                          MORE

**Key:**
**\*A – (b) (7) (—,**
**\*B – (b) (6) , (b) (7) (C)**
**\*C – (b) (7) (E)**
**\*D – (b) (7) (E)**
**\*E – (b) (7) (E)**



```
      11:32          TECS II - PERSON SUBJECT DISPLAY (3 OF 4)   102914
TECS RECORD ID
BAGGAGE DEC-         DATE           TIME      SITE
(CF6059)            INSPECTOR                                          MORE

FINANCIAL - INSTITUTION
INFO                BRANCH
                    ACCOUNT TYPE            ACCOUNT NUMBER
                         FIN ID                     DATE             MORE

EMPLOYMENT- OCCUPATION                               DATE
            POSITION                                 STATUS
            EMPLOYER                                    EIN
               STREET
                 CITY                        STATE    CNTRY
                  ZIP          PHONE                                 MORE

                 NUMBER                      RATING       CNTRY
LICENSE      FAA REGION      ISSUE DATE          AIRMAN'S CERT
             MEDICAL CERT    MEDICAL CERT DATE                       MORE
```

Key:
**\*A - (b)(7)(E)**
**\*B - (b)(6),(b)(7)(C)**
**\*C - (b)(7)(E)**
**\*D - (b)(7)(E)**
**\*E - (b)(7)(E)**



```
    11:32          TECS II - PERSON SUBJECT DISPLAY (2 OF 4)   102914

TECS RECORD ID                                   ENTRY        UPDATE
DRIVER'S LICENSE- NUMBER                STATE   CNTRY    TYPE
  ISSUED        EXPIRES        RESTRICTIONS
  STATUS                                                            MORE

PHONE NBR-            INTL PREFIX     TYPE    DATE              MORE
  MISC NBR-                    TYPE                            MORE
ALT COMMUNICATION                                    TYPE      MORE

FINGERPRINT CLASS-  RIGHT            LEFT
                                                                   MORE
  SPOUSE-   LAST
            FIRST                MID

WARRANT-  OFFENSE TYPE          DATE      AGENCY
          WARRANT TYPE          DATE      NUMBER
          CITY                  STATE                 MORE
```

*A - (b)(7)(E)
*B - (b)(6), (b)(7)(C)
*C - (b)(7)(E)
*E - (b)(7)(E)



11:32          TECS II - MORE CASE NUMBER INFORMATION          102914

TECS RECORD ID

CASE NUMBER

MORE

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**



11:32          TECS II - PERSON SUBJECT DISPLAY (1 OF 4)     102914

TECS RECORD ID                                    ENTRY          UPDATE
NAME- LAST SALMON                    PHYSICAL IDENTIFIERS
FIRST ALRA             MID NOEL      HISPANIC   RACE B SEX M HAIR      EYES
         IMAGE         ALIAS  NICKNAME    STC    HT          WT        ENGLISH
                                                                      MORE

   DOB 06141967   POB- CNTRY    ST    CITY                  CTZN JM MORE
   SSN            MORE  AFN      MORE        RES                    MORE
   PPN                  TYPE    CNTRY   ISSDT          EXPDT         MORE

   CITY                          STATE   CNTRY   ZIP       TYPE      MORE
   CONTACT-                              PHONE
   OWNER                         CASE NBR                            MORE M
   PRIMARY
   STATUS                                                            MORE
   REMARKS-   DATE 111696

Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*E - (b) (7) (E)
*F - (b) (7) (E)
*G - (b) (6) , (b) (7) (C) , (b) (7) (E)
*H - (b) (6) , (b) (7) (C)
*I - (b) (6) , (b) (7) (C) , (b) (7) (E)
*J - (b) (7) (E)

```
      11:32                  DOCUMENT FACILITY          10/29/14
                     SEACATS S/A/S DATA ENTRY NARRATIVE
INCIDENT NUMBER: 1990SA014246201   FPF CASE NUMBER: 1990520600215501
NAME : SALMON, ALRA  NOEL
```




```
     THERE IS NO EXISTING SUMMARY!!!
```

```
      NARRATIVE PROCESSING OPTIONS:        N/A
NARRATIVE DOES NOT EXIST
```

```
Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)
*E - (b) (7) (E)
*F - (b) (7) (E)
*G - (b) (7) (E)
```

```
11:32              SEACATS S/A/S DISPLAY - SEIZED ITEM, DRG     10292014    ▓▓▓▓
                                DRUGS   001
   INCIDENT#: 1990SA014246201 VIOL NAME: SALMON  ALBA NOEL
```

001 DESC:  MARIJUANA
    CATEGORY CODE:  ▓▓   PROPERTY TYPE:  ▓▓
    QTY:            20.30  UM:  PD
       ITEM

    WEIGHT DETERMINATION CODE: S
    NBR OF PACKAGES:         0 PKG TYPE:
    COUNTRY OF ORIGIN: JM JAMAICA
                    EXPORT: JM JAMAICA

            DESTINATION: US UNITED STATES
    CONCEALMENT CODE: ▓▓ SECRET COMPARTMENT:
    CONCEALED WITHIN COMMODITY CODE:
    LEGAL STATUS:  ▓▓ PHYSICAL STATUS:  ▓▓ CUSTODIAN:  ▓▓  ID: STL
    STORAGE:       ACCEPT DATE:           TO CUSTODIAN:


    FP F CASE NBR: 1990520600215501             LAST SEQUENTIAL LINE ITEM


Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)
▓▓   (b) (7) (E)
*F - (b) (7) (E)
*G - (b) (7) (E)
*H - (b) (7) (E)
▓▓   (b) (7) (E)
*J - (b) (7) (E)
*K - (b) (7) (E)
*L - (b) (7) (E)
▓▓   (b) (7) (E)
*N - (b) (7) (E)
*O - (b) (7) (E)

```
11:32    SEACATS S/A/S - SEIZED CATEGORIES AND TOTALS        10292014  ████
         ████        FP F CASE NBR: 1990520600215501
INCIDENT #: 1990SA014246201 VIOL NAME: SALMON, ALRA  NOEL
████████████████████████████████████████    ████████████████████████
```

| | COUNT | DECLARED | FOREIGN | DOMESTIC |
|---|---|---|---|---|
| ██ - DRUGS | 1 | | | |
| ██ - CURRENCY/MONETARY | | | | |
| ██ - ARMS/AMMO/EXPLOSIVES | | | | |
| ██ - GENERAL MDSE / OTHER | | | | |
| ██ - COMPUTERS | | | | |
| ██ - COUNTERFEIT GOODS | | | | |
| ██ - PROHIBITED ITEMS | | | | |
| ██ - VEHICLES | | | | |
| ██ - AIRCRAFT | | | | |
| ██ - VESSELS | | | | |
| ██ - REAL ESTATE | | | | |
| GRAND TOTAL | | | | |

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**
**\*E - (b) (7) (E)**
**\*F - (b) (7) (E)**
**\*G - (b) (7) (E)**
**\*H - (b) (7) (E)**
**\*I - (b) (7) (E)**
**\*J - (b) (7) (E)**
**\*K - (b) (7) (E)**
**\*L - (b) (7) (E)**
**\*M - (b) (7) (E)**
**\*N - (b) (7) (E)**

```
11:32          SEACATS S/A/S DATA ENTRY - SEIZURE SUMMARY        10292014
                 FPF CASE NBR: 1990520600215501
INC #: 1990SA014246201 VIOL NM: SALMON, ALRA  NOEL


MANUFACTURER NAME:
SHIPPER NAME:
ABANDONED:               INVENTORY LIST TO BE DONE? (Y/N) N

CONTAINERIZED:   CONTAINER NBR:              MORE? (Y/N):

APPRAISING OFFICER:
MITIGATING OFFICER:
ON SITE MITIGATION:

 PENALTY ASSESSED:           MITIGATED AMT:
 AMT CLCTD:         DTE:         RCPT#:         PRMSY AMT:
 PLACE OF DISCOVERY: P  DESC* MIAMI INTERNATIONAL AIRPORT

       (P=WITHIN POE, B=ALONG BORDER, N=NONBORDER WITHIN US, F=OUTSIDE US)
```

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**

```
11:32 SEACATS S/A/S DATA ENTRY - SEARCH/ARREST INFORMATION    10292014
INC #: 1990SA014246201 VIOL NAME: SALMON, ALRA  NOEL

SEARCH TYPE:* P
DEGREE OF BODY SEARCH:    (F-FULL, P-PARTIAL)
RESULTS:* N (P-POS, N-NEG) TIME COMPLETED:* 1735   FUNDS ON PERSON:   20.00
 PORT DIRECTOR NOTIFIED:*  DATE:       TIME:
 CHIEF COUNSEL NOTIFIED:*
                         NAME-TITLE-AGENCY
SEARCHING OFFICER:*          -CUSTOMS INSPECTOR-C
AUTHORIZING OFFCR:*          -SUP CUST INSPECTOR-C
WITNESS         .
REASON FOR SEARCH:*

PLACE OF ARREST.    D (D-D N E) DESC* MIAMI INTERNATIONAL AIRPORT
ARRESTEE RELEASE TO: STL REFUSED BY:
TIME NOTIFIED: 1930 TIME ARRIVED: 1950 TIME RELEASED: 2030

VIOLATOR TRAVEL CATEGORY * C    VIOLATOR STATUS AT ARREST
```

```
Key:
*A - (b)(7)(E)
*B - (b)(6),(b)(7)(C)
*C - (b)(7)(E)
*D - (b)(6)(b)(7)(C)
*E - (b)(6)(b)(7)(C)
```

```
11:32          SEACATS S/A/S - AGENCY/CONVEYANCE              10292014
                 FPF CASE NBR: 1990520600215501         ██████  ████
   ████         
INC #: 1990SA014246201 VIOL NAME: SALMON, ALRA NOEL

DISCOVERY DATE:*                    REFERRING OFFICER CODE:
PROJECT CODES:                      ████████████████████
AGENCY PARTICIPATION: DISCOVERING* ██
      ARRESTING*   ████   PARTICIPATED IN ARREST:
      SEIZING*    ███     PARTICIPATED IN SEIZURE:
      AIR OPERATIONS BRANCH(ES):
ITINERARY INFORMATION: IN/OUT BOUND:* I  DATE* 09211990 TIME 1630
            FROM* JM JAMAICA              VIA
CONVEYANCE INFORMATION: LOCAL USE:
      TYPE: C - COMM AIR    SEARCHED? (Y/N): N  SEIZED? (Y/N)* N
      CREATE SUBJECT RECORD? (Y/N)* N  DETAIL SCREEN? (Y/N) N
FLIGHT # * 484   AIRLINE CODE PA  BILL OF LADING #
DEPARTURE AIRPORT:    DEPARTURE COUNTRY:    PAX EMBARK AIRPORT:
```

████████████████████████████████████████████████████████████

```
Key:
*A - (b)(7)(E)
*B - (b)(6),(b)(7)(C)
*C - (b)(7)(E)
*D - (b)(7)(E)
*E - (b)(7)(E)
*F - (b)(7)(E)
*G - (b)(7)(E)
```

```
11:32        SEACATS S/A/S - VIOLATION CODE/LAW        10292014
             FPF CASE NBR: 1990520600215501
INC #: 1990SA014246201 VIOL. NAME: SALMON  ALBA  NOEL
```


ONE (P)RIMARY VIOLATION CODE IS REQUIRED
 VIOLATION CODES:*

S:
S:

ADDITIONAL SEIZURE SECTIONS OF LAW:

   21USC952        18USC545                          MORE (Y/N)?

IS ARREST CRIMINAL OR ADMINISTRATIVE:
AT LEAST ONE ARREST SECTION OF LAW IS REQUIRED

                                                    MORE (Y/N)?

**Key:**
**\*A - (b)(7)(E)**
**\*B - (b)(6),(b)(7)(C)**
**\*C - (b)(7)(E)**

```
11:32            SEACATS S/A/S SHORT/LONG SUMMARY INFO        10292014
                        FPF CASE NBR: 1990520600215501
FISCAL YEAR:* 1990 TYPE:* SA CONTROL NBR:            VIOLATOR NBR: 01 TOTAL: 01
VIOLATOR BUSINESS NAME:
  ID#:          TYPE:   CTZNSHP: JM DOB: 06141967 SEX: M RACE: B
VIOLATOR LAST NAME: SALMON                                   HISPANIC:
          FIRST NAME: ALRA          MIDDLE NAME: NOEL
          STREET:* 12441 NW 23 AVE                    APT/SUITE:
          CITY:* MIAMI                 ST: FL CNTRY:* US ZIP: 331590000
            OI CSE#:
CONTRIBUTING INFO:
PORT:* 5206           NAME-TITLE-AGENCY                          USERID
ARRSG OFC:        -CUSTOMS        CASE AGENT:
SEIZING OFFICER  :           -CUSTOMS INSPECTOR-C
SUPERVISOR       :*            -SUP CUST INSPECTOR-C
CONVEYANCE TYP:*     INCIDENT CTGY:*    SCIP?:     QRY NTFY?:
** INCIDENT IS APPROVED - 09/26/1990, FP F CASE ACCEPTED **
```

**Key:**
**\*A  -  (b) (7) (E)**
**\*B  -  (b) (6) , (b) (7) (C)**
**\*D  -  (b) (7) (E)**
**\*E  -  (b) (6) , (b) (7) (C)**
**\*F  -  (b) (6) , (b) (7) (C)**
**\*G  -  (b) (6) , (b) (7) (C)**
**\*H  -  (b) (7) (E)**
**\*I  -  (b) (6) , (b) (7) (C)**
**\*J  -  (b) (6) , (b) (7) (C)**
**\*K  -  (b) (7) (E)**

```
   11:32          TECS II - PERSON SUBJECT DISPLAY (4 OF 4)    102914

TECS RECORD ID                                    ENTRY █████  UPDATE
RECEIPT #                      ALIEN #
   ISSUE #     ISSUE TYPE   CARD STATUS                        MORE
```

**Key:**
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)
*E - (b) (7) (E)



11:32            TECS II - PERSON SUBJECT DISPLAY (3 OF 4)    102914

TECS RECORD ID                                    ENTRY ▇▇▇ UPDATE

BAGGAGE DEC-        DATE        TIME        SITE
(CF6059)        INSPECTOR                                    MORE

FINANCIAL INSTITUTION
INFO            BRANCH
        ACCOUNT TYPE            ACCOUNT NUMBER
            FIN ID                    DATE        MORE

EMPLOYMENT- OCCUPATION RAMP SERVICE            DATE
        POSITION BAGGAGE HANDLER        STATUS
        EMPLOYER PAN AMERICAN AIRLINES        EIN
        STREET
            CITY                STATE    CNTRY
            ZIP        PHONE                MORE

PILOT'S-    NUMBER        RATING    CNTRY
LICENSE        FAA REGION        ISSUE DATE    AIRMAN'S CERT
        MEDICAL CERT    MEDICAL CERT DATE            MORE

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**
**\*E - (b) (7) (E)**



```
      11:32          TECS II - PERSON SUBJECT DISPLAY (2 OF 4)    102914    ███ ████
   ██ ██                                                ENTRY ███████  UPDATE ██████
 TECS RECORD ID ██████████████
 DRIVER'S LICENSE- NUMBER 545501467214      STATE FL CNTRY US TYPE I
   ISSUED          EXPIRES          RESTRICTIONS
                                                                        MORE
 ██████

 PHONE NBR-              INTL PREFIX        TYPE    DATE               MORE
   MISC NBR-                    TYPE                                  MORE
   ALT COMMUNICATION                                       TYPE       MORE
 ████████ ████████████                                       ████     ████
 FINGERPRINT CLASS- RIGHT              LEFT

   SPOUSE-   LAST                                                     MORE
            █████             ███

 WARRANT-  OFFENSE TYPE         DATE        AGENCY
           WARRANT TYPE         DATE        NUMBER
           CITY                 STATE                                 MORE
 ███████████████████

 ██████████  ████████  ██████████    █████████████████████████████████
```

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**
**\*E - (b) (7) (E)**

11:32                TECS II - MORE REMARKS              102914

TECS RECORD ID

REMARKS DATE 092190



MORE

Kev:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)

```
        11:32          TECS II - MORE CASE NUMBER INFORMATION        102914    ███████
███████
TECS RECORD ID  ███████████

CASE NUMBER  ███████████
```

MORE

```
████████  ██████████  ██████████  ███████████  ██████████  █████████████
                                   ████████████████  █████████  ███████████
```

**Key:**
**\*A - (b)(7)(E)**
**\*B - (b)(6),(b)(7)(C)**
**\*C - (b)(7)(E)**

```
    11:32          TECS II - MORE ADDRESS INFORMATION      102914        ████
████
TECS RECORD ID  ████████████

DATE 090491    STREET 12441 NW 23 AVENUE              APT
               CITY   MIAMI                 STATE FL CNTRY US ZIP      0
               COUNTY                            TYPE
    STD ADDR   HOUSE NBR 0012441 PREFIX          PO BOX      APT
               STREET 23RD                   SUFFIX AVE      DIR
               CITY   MIAMI                    STATE FL ZIP CODE 331671954
               COUNTY CDE 025 RURAL RTE   CARRIER RTE      COUNTRY US

DATE           STREET                                APT
               CITY                        STATE   CNTRY   ZIP
               COUNTY                           TYPE
    STD ADDR   HOUSE NBR       PREFIX           PO BOX      APT
               STREET                        SUFFIX      DIR
               CITY                           STATE   ZIP CODE
               COUNTY CDE      RURAL RTE   CARRIER RTE     COUNTRY
MORE
```

████ ████ ████ ████████████████

**Key:**
**\*A - (b)(7)(E)**
**\*B - (b)(6),(b)(7)(C)**
**\*C - (b)(7)(E)**

```
    11:32          TECS II - MORE ALIAS INFORMATION        102914  ▮▮▮▮

▮▮
TECS RECORD ID  ▮▮▮▮▮▮▮
CREATED BY
  =USER=     LAST SALMON
                 FIRST ALRA                   MIDDLE N
             LAST
                 FIRST                         MIDDLE
             LAST
                 FIRST                         MIDDLE
             LAST
                 FIRST                         MIDDLE
             LAST
                 FIRST                         MIDDLE
             LAST
                 FIRST                         MIDDLE
             LAST
                 FIRST                         MIDDLE
             LAST
                 FIRST                         MIDDLE

MORE

▮▮▮▮▮  ▮▮▮▮  ▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
```

Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)



11:32        TECS II - PERSON SUBJECT DISPLAY (1 OF 4)    102914

TECS RECORD ID                                    ENTRY        UPDATE
NAME- LAST SALMON                          PHYSICAL IDENTIFIERS
FIRST ALRA            MID NOEL          HISPANIC    RACE B SEX M HAIR BK EYES BR
      IMAGE           ALIAS M NICKNAME     STC      HT 601      WT 170       ENGLSH
PERSONAL-                                           S/M/T                    MORE
  DOB 06141967   POB- CNTRY JM ST    CITY MANCHESTER         CTZN JM  MORE
  SSN 120641860 MORE   AFN              MORE    RES                    MORE
  PPN                       TYPE    CNTRY    ISSDT        EXPDT        MORE
ADDRESS- DATE 092190    STREET 12441 NW 23 AVE
  CITY MIAMI                       STATE FL CNTRY US ZIP 33159 TYPE    MORE M
CONTACT-                                PHONE
  OWNER                           CASE NBR                         MORE M
PRIMARY                            START          STOP       ORV  NTRY
  STATUS                                                              MORE M
REMARKS-  DATE 092190
(b)(7)E

SUB-REC  1.

Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)
*E - (b) (7) (E)
*F - (b) (7) (E)
*G - (b) (6) , (b) (7) (C) , (b) (7) (E)
*H - (b) (6) , (b) (7) (C) , (b) (7) (E)
*I - (b) (7) (E)

```
11:32:02          IO95 Inspection Results           102914 ▮▮▮
▮▮▮    A524 CBP-MIAMI, AIRP
FLT/VES#: JM  27      AIR JAMAICA
       DOCTYP*: A   #*: 37452757     CTRY*:              ST:   M/F:
                                  FRST: ALRA           DOB: 061467
DNAME(LAST): SALMON                            DTE: 09301990 TME: 2140
RFRD BY:            ▮▮▮-CBP OFFCR-C                        CCD:
REASON:
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
SNAME(LAST):                     FRST:              DOB:
NATIONALITY:    JM  JAMAICA
DISP: LPR LAWFUL PERMANENT RESIDENT    RCPT#:           AUDATE:
CHARGE (CODED):
RFRD TO:                                       FTN#:
SEC OFCR: ▮▮▮-CHIEF INSPECTOR-C      09/30/1990 22:04 IOEM#:
REFR CDE:
COMMENTS: VIOLS:
▮▮▮▮▮▮▮▮

WHTI CMPLNT?              ADDL COMMTS: ▮▮▮
▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮
```

**Key:**
**\*A – (b)(7)(E)**
**\*B – (b)(6),(b)(7)(C)**
**\*C – (b)(7)(E)**
**\*D – (b)(6)(b)(7)(C)**
**\*E – (b)(6)(b)(7)(C)**
**\*F – (b)(7)(E)**
**\*G – (b)(7)(E)**
**\*H – (b)(7)(E)**

```
11:32:02            IO95 Inspection Results              102914
        A524 CBP-MIAMI, AIRP
FLT/VES#: JM  27        AIR JAMAICA
        DOCTYP*:        #*:          CTRY*:              ST:    M/F:
DNAME(LAST): SALMON                    FRST: ALRA        DOB: 061467
RFRD BY:                -PARALEGAL SPECIALIST-C   DTE: 07051990 TME: 2344
REASON:
```

SNAME(LAST):                          FRST:              DOB:
NATIONALITY:   JM   JAMAICA
DISP: LPR LAWFUL PERMANENT RESIDENT    RCPT#:            AUDATE:
CHARGE (CODED):
DFRD TO:                                     FIN#:
SEC OFCR:       -IMMIGRATION SERVICE O 07/06/1990 00:16 IOEM#:
REFR CDE:
COMMENTS: VIOLS:
AIRLINE EMPLOYEE, WAS ISSUED PREVIOUS REPLACEMENT, BUT SAID IT NEVER ARRIVED


WHTI CMPLNT?                ADDL COMMTS:


**Key:**
**\*A  −  (b) (7) (E)**
**\*B  −  (b) (6) , (b) (7) (C)**
**\*C  −  (b) (7) (E)**
**\*D  −  (b) (6) (b) (7) (C)**
**\*E  −  (b) (6) (b) (7) (C)**
**\*F  −  (b) (7) (E)**
**\*G  −  (b) (7) (E)**
**\*H  −  (b) (7) (E)**

```
11:31                    PQH API/HIT DATA                102914        ██████
  ██
```



```
                                     ------ QUERY -----  LNE     TERM/
                                     DATE  TIME AGN RSLT  TYP  REF  LANE  API
          NAME             DOB
SALMON, ALRA NOEL          061467    042612 0000    ██    API        01   R
KINGSTON, NORMAN MANLEY
```

```
                    API DATA ----
                       INDICATOR           : R          REPORTED
                       CARRIER CODE        : 5K         SKY KING INC
                       FLT/VES NUMBER      : 773
                       ARRIVAL LOCATION    : KIN        KINGSTON, NORMAN MANLEY
                       DEPARTURE LOCATION  : AEX        ENGLAND AFB
                       TRANSMITTED BY      : APIS*255   MIS CHOICE, INC.
                       INBOUND/OUTBOUND    : OUTBOUND
```

```
            ███████████████              ██████████████
```

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**

```
11:31                    PQH API/HIT DATA                102914        ██████
██████
```



```
                                    ------ QUERY -----   LNE      TERM/
                                    DATE  TIME AGN RSLT   TYP  REF LANE  API
            NAME            DOB                                              N
SALMON, ALRA N            061467    060190 2231 INS ████  AIR       PY19
A524-CBP-MIAMI, AIRPORT CNTR


            TECS RECORD ID                   .


            CARRIER CODE          :
            FLT/VES NUMBER        : 0000000
```

```
        ████████████                        ████████████
```

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**

```
  11:31                        PQH API/HIT DATA                  102914         ███████
  ███████
```



```
                                        ------ QUERY -----  LNE      TERM/
                                       ·DATE TIME AGN RSLT   TYP  REF LANE  API
          NAME              DOB         093090 2140 INS ██   AIR      PY14   N
SALMON, ALRA N           061467
A524-CBP-MIAMI, AIRPORT CNTR


                    TECS RECORD ID          :  ██████████████


                    CARRIER CODE            :
                    FLT/VES NUMBER          : 0000000
```

```
            ██████████████                         ██████████████
```

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**



```
   11:31                    PQH API/HIT DATA                 102914
   ▮▮▮▮
```

```
                                       ------ QUERY -----  LNE     TERM/
                                       DATE  TIME AGN RSLT  TYP  REF LANE API
              NAME              DOB                                          N
   SALMON, ALRA N          061467  123090 1713 INS ▮▮  AIR      PW20  N
   A524-CBP-MIAMI, AIRPORT CNTR
```

```
                TECS RECORD ID            ·
```

```
             CARRIER CODE          :
             FLT/VES NUMBER        : 0000000
```

```
        ▮▮▮▮▮▮                        ▮▮▮▮▮▮
```

**Key:**
**\*A - (b) (7) (E)**
**\*B - (b) (6) , (b) (7) (C)**
**\*C - (b) (7) (E)**
**\*D - (b) (7) (E)**

```
11:31                        PQH API/HIT DATA                  102914        ■■
```


```
                                    ------ QUERY -----   LNE      TERM/
                                    DATE  TIME AGN RSLT   TYP  REF LANE  API
          NAME              DOB     DATE  TIME AGN RSLT   TYP  REF LANE  N
SALMON, ALRA N             061467   030791 1606 INS ■■    AIR      QH26  N
A524-CBP-MIAMI, AIRPORT CNTR


              TECS RECORD ID          .


         CARRIER CODE       :
         FLT/VES NUMBER     : 0000000
```

**Key:**
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)

11:31                          PQH API/HIT DATA              102914       

```
                                              ------ QUERY -----   LNE      TERM/
                                         DOB   DATE TIME AGN RSLT   TYP REF LANE  API
            NAME                        061467 041791 1627 INS      AIR     OH29  N
SALMON, ALRA N
A524-CBP-MIAMI, AIRPORT CNTR


              TECS RECORD ID


          CARRIER CODE          :
          FLT/VES NUMBER        : 0000000
```

Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)

```
11:31                        PQH API/HIT DATA                    102914        ███
███
```

| NAME | DOB | ------ QUERY ----- | | | | LNE TYP | REF | TERM/ LANE | API |
| | | DATE | TIME | AGN | RSLT | | | | |
| SALMON, ALRA N | 061467 | 062491 | 1926 | INS | ██ | AIR | | QG18 | N |
| A524-CBP-MIAMI, AIRPORT CNTR | | | | | | | | | |

```
                    TECS RECORD ID              .


                CARRIER CODE       :
                FLT/VES NUMBER     : 0000000
```

                    ███                    ████████

Key:
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)


```
11:31                       PQH API/HIT DATA                102914      ▮▮▮▮▮
▮▮▮▮
```



```
                                        ------  QUERY  ------  LNE    TERM/
                                        DATE   TIME AGN RSLT   TYP  REF LANE  API
             NAME            DOB
SALMON, ALRA N              061467      080291 1821 INS  ▮▮    AIR      QH23   N
A524-CBP-MIAMI, AIRPORT CNTR
```

```
              TECS RECORD ID
```

```
              CARRIER CODE        :
              FLT/VES NUMBER      : 0000000
```

**Key:**
```
*A - (b) (7) (E)
*B - (b) (6) , (b) (7) (C)
*C - (b) (7) (E)
*D - (b) (7) (E)
```

11:31                          PQH API/HIT DATA                   102914      

| NAME | DOB | DATE | QUERY<br>TIME | AGN | RSLT | LNE<br>TYP | REF | TERM/<br>LANE | API<br>N |
|---|---|---|---|---|---|---|---|---|---|
| SALMON, ALRA N | 061467 | 092291 | 1728 | INS | ▮▮ | AIR | | QH32 | N |
| A524-CBP-MIAMI, AIRPORT CNTR | | | | | | | | | |

```
              TECS RECORD ID        :  ████████████


              CARRIER CODE          :
              FLT/VES NUMBER        :  0000000
```

**Key:**
*A - (b)(7)(E)
*B - (b)(6),(b)(7)(C)
*C - (b)(7)(E)
*D - (b)(7)(E)

11:31                         PQH API/HIT DATA                 102914         
▓▓

```
                                          ------ QUERY -----  LNE    TERM/
                                          DATE  TIME AGN RSLT  TYP  REF LANE  API
              NAME              DOB       090191 1739 INS ▓▓   AIR      QH30   N
      SALMON, ALRA N           061467
      A524-CBP-MIAMI, AIRPORT CNTR
```

                    TECS RECORD ID

                        CARRIER CODE        :
                        FLT/VES NUMBER      : 0000000

# UNITED STATES DEPARTMENT OF JUSTICE

### Executive Office for Immigration Review

| | | |
|---|---|---|
| **In the matter of:** | § | |
| | § | **Stay of Removal** |
| | § | |
| Alra Salmon | § | |
| | § | |
| **Respondent** | § | **File No.** A37-452-757 |
| | § | |

## REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL

This memorandum is respectfully submitted to the United States Department of Justice on behalf of Alra Salmon. This memo will focus on the grant of a stay of removal in favor of Alra with particular attention toward:

1) Alra's uniformed agreement to a plea bargain without being properly advised by his counsel of the potential negative impact on his immigration status and his ability to remain in the USA
2) the negative ramifications of the plea agreement that led directly to removal proceedings whereupon Alra's LPR status was revoked and he was deemed removable

## BACKGROUND

Alra was born in Jamaica on June 14th of the year 1967. Alra arrived in the United States of America (USA) in the year 1976 with an immigrant visa and received a Legal Permanent Resident (LPR) card via the United States Postal Service (USPS) shortly

I was NOT advised of the potential negative ramifications of taking this plea with regard to my immigration status and my ability to remain in the_

USA.

15.    If I had been properly advised of the potential harmful consequences of

taking this plea I would have opted at all costs to go to trial.

16.    Removal proceedings seeking to revoke my LPR status were brought against me after the close of the charges stemming from the airport incident.

17.    I was found by the immigration court to be removable from the USA.

18.    My removability was based entirely upon the domino-like effect of the plea that I took to resolve the airport incident.

19.    I wish to reopen the Florida plea conviction because of its then un-foretold and un-forewarned effect upon my immigration status.

20.    I am petitioning the government of the USA for a Stay of Removal so that I may be able to remain in the USA and ultimately overturn this plea conviction.

21.    I am confident that I will be able to successfully vacate the plea conviction in Florida such that the grounds for the rescission of my LPR status will no longer be valid.

**I declare under penalty of perjury under the laws of the State of ——**
**that the foregoing is true and correct to the best of my knowledge.**

**Executed this __ day of March 2012, at _____ _**

Alra Salmon

# Affidavit of Alra Salmon

I, ALRA SALMON, declare as follows:

1.      The facts stated herein are within my personal knowledge and I further

                Affirmatively state that, if sworn as a witness, I could and would Competently testify thereto.

2.      I was born in Jamaica on June 14th of the year 1967.

3.      I arrived in the United States of America (USA) in the year1976 with an immigrant visa and received my Legal Permanent Resident (LPR) card via the United States Postal Service (USPS) shortly thereafter at my residence.

4.      I have no remaining ties to Jamaica.

5.      I have four children who are citizens of the USA.

6.      My mother and my father are citizens of the USA.

7.      Both of my parents have health issues to which I have previously, personally attended to and to which I need to be, in the interests of their health and well being, of assistance to in the future.

8.      In September of 1991 I arrived at Miami International Airport on an *Air Jamaica* flight after returning from a visit to Jamaica to attend the funeral of a close family friend.

9.      After a heated exchange with a Customs and Border Patrol officer I was arrested for allegedly using *Pan Am* voucher coupons; an airline that I was previously employed by.

10.     An unused *Pan Am* voucher coupon was found in my travel bag.

11.     I was unable to post the requisite bail and was detained on this charge for Several months.

12.     I was afforded the services of a local legal aid attorney.

13.     I took a plea to a lesser charge to dispose of the incident.

2012-3-23
Page 2 of 5

## LEGAL BASIS FOR REVIEW

Respondent relies upon the 2010 ruling in *Padilla v. Kentucky*, 130 S. Ct. 1473 *(2010). Padilla v. Kentucky* is a case in which the United States Supreme Court decided that criminal defense attorneys must advise non-citizen clients about the deportation risks of a guilty plea. The case extended the Supreme Court's prior decisions on criminal defendants' Sixth Amendment right to counsel to immigration consequences.

The duties of Counsel recognized in *Padilla* are broad. After *Padilla*, where the law is unambiguous, attorneys must advise their criminal clients that deportation "will" result from a conviction. Second, where the immigration consequences of a conviction are unclear or uncertain, attorneys must advise that deportation "may" result. Finally, attorneys must give their clients some advice about deportation; counsel cannot remain silent about immigration.

## ARGUMENT

1) Alra's uniformed agreement to a plea bargain without being properly advised by his counsel of the potential negative impact on his immigration status and his ability to remain in the USA

Alra upon sworn statement (see attached "Affidavit of Alra Salmon") asserts that he was not advised of the potential harmful consequences (see paragraph #14) of his plea agreement taken to dispose of charges that were pending against him in 1991. This admission

 

## KMIA Historical Data

**Kovacs, Steve (Aviation)** <SKovacs@miami-airport.com>                    Fri, Oct 28, 2011 at 3:02 PM
To: "Kovacs, Steve (Aviation)" <SKovacs@miami-airport.com>, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, "Wright, Karen (Aviation)" <KWRIGHT@miami-airport.com>
Cc: "Craven, Lonny (Aviation)" <LCRAVEN@miami-airport.com>, "Murphy, Jim (Aviation)" <JMURPHY@miami-airport.com>, "Padilla, Martin (Aviation)" <MPadilla@miami-airport.com>

We have found the logs from 09/20/91 and 09/22/91. The logs for 09/21/91 are missing from the files. Looking at the logs from 09/20 and 09/22 I can give you the following information that may be of assistance.

JM 21 ARV 09/20/91 0935 KIN

JM 23 ARV 09/20/91 1131 MBJ

JM 25 ARV 09/20/91 1607 MBJ

JM 31 ARV 09/20/91 1859 KIN

JM 27 ARV 09/20/91 2130 KIN


PA 986 ARV 09/20/91 1711 KIN


JM 21 ARV 09/22/91 0938 KIN

JM 23 ARV 09/22/91 1122 MBJ

JM 25 ARV 09/22/91 1550 MBJ

JM 31 ARV 09/22/91 1815 KIN

JM 27 ARV 09/22/91 2116 KIN


PA 978 09/22/91 1720 MBJ

PA 986 09/22/91 1715 KIN

of guilt triggered a chain of events that led directly to the rescission of his LPR status and ultimately to the immigration court finding him removable from the USA.

As the Supreme Court intimated in *Padilla* "changes to immigration law have dramatically raised the stakes of a noncitizen's criminal conviction"? The Sixth Amendment right to counsel in accordance with Supreme Court precedent guarantees criminal defendants the right to legal counsel (see *Gideon v. Wainwright*, 372 U.S. 335

http://en.wikipedia.org/wiki/Padilla_v._Kentucky
*Padilla v. Kentucky*, 130 S. Ct. 1473 (2010)

2012-3-23
Page 3 of 5

(1963). Furthermore, subsequently the Supreme Court found that criminal defendants are also entitled to effective counsel (see *Strickland v. Washington*, 466 U.S. 668 (1984). If it is determined that a defendant received ineffective counsel during criminal proceedings then that defendant may be able to overturn a conviction.

In the light of the current set of circumstances it is clear that Alra's plea agreement was, is, and would be fatal to his LPR status and his ability to remain in the USA. As such, an immigration court reviewing the record before it would, by relevant statute, be mandated to find Alra removable. Effective legal counsel to be effective would, in accordance with the core finding in *Padilla*, be required to inform Alra of the aftershocks of the plea deal. Alra, as Padilla before him, has sufficiently alleged that his counsel was constitutionally deficient.

**1) the negative ramifications of the plea agreement that led to removal proceedings whereupon Alra's LPR status was revoked and he was deemed removable**

The immigration court reviewing the matter was of no mind to weigh the merits of conviction on the record. In addition to the charges stemming from the incident at the Miami airport Alra was in an adjournment period whereby previous charges that he had been facing were adjourned in contemplation of dismissal. Because the adjournment period had not fully run its course, the airport charges had a doubling effect that by virtue of any plea taken

whatsoever would automatically mark him removable. As such, effective counsel to be deemed effective was required to inform Alra of the consequences of accepting the plea offer. Such effectiveness, as noted previously, was constitutionally deficient. Because of the inevitability of deportation, in accordance with *Padilla*, Alra's counsel was required to inform him of the ultimate consequences of the plea. His counsel, as sufficiently alleged, did not.

## CONCLUSION

WHEREFORE, Respondent respectfully requests that his application for a Stay **of Removal** be granted and that Respondent be afforded the opportunity to pursue the revisitation of his plea agreement in the Florida, with the intent to vacate the plea, and be

2012-3-23
Page 4 of 5

granted a new trial; and FURTHERMORE that such a **Stay of Removal** be granted far the duration of time whereby the Florida courts will be able to fully adjudicate the matter in the interests of justice.

Respectfully Submitted,

lilliam Timmons, Esq.
25 Candee Avenue
Sayville, New Yark
11782
(631) 750-5980

Attorneys for
Respondent


This envelope is made from post-consumer waste. Please recycle - again.

# PRIORITY
## ★ MAIL ★

**DATE OF DELIVERY SPECIFIED***

**USPS TRACKING™ INCLUDED***

**INSURANCE INCLUDED***

**PICKUP AVAILABLE**

* Domestic only

*USMS INSPECTED*
BY

P S 0 0 0 0 1 0 0 0 0 1 4

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


UNITED STA
POSTAL SER

☐ **WAIVER OF SIGNATURE**
If addressee or addressee's agent is not available to sign for delivery,
I authorize that the delivery employee's signature constitutes valid proof
of delivery if the item can be left in a secure location.

**CUSTOMER SIGNATURE**

**SIGNATURE CONFIRMATION NUMBER:**
2304 1070 0000 4266 9213

Waiver of Signature
☐ YES   ☐ NO

Postmark
Here

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access Internet web site at
www.usps.com® or
or call 1-800-222-1811

☐ Priority Mail™ Service
☐ First-Class Mail® Parcel
☐ Package Services parcel

ATT: Valerie Kemp

FROM: Suzann Feldman
375 Oakview Ave
Oceanside, NY 11572

United States District Court + Ca
400 N. Miami Ave
Miami, FL 33128-7788